CASE 39—PETITION EQUITY—OCTOBER 5.

# Tevis' executors vs. McCreary, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

The term jointure, as used in the Revised Statutes, was intended to designate such estate, whether created by conveyance or devise, as may be settled upon or transferred to the wife in lieu of dower. Any conveyance or devise of real or personal estate, which is intended by the grantor or devisor to be in lieu or satisfaction of dower, must be deemed a conveyance or devise, by *way of jointure*, within the meaning of the statute.

Whether the provision for the wife, by deed or will, shall be regarded as having been made in satisfaction of dower, is a question of intention, to be determined in general upon the face of the instrument. It is not necessary that such provision should be expressly stated to be in lieu of dower; it will be sufficient if it can be clearly collected from the instrument that it was so intended.

If the wife be lawfully deprived of her jointure, or *any part thereof*, and not by any act of her own, she shall have indemnity, co-extensive with the loss, by way of dower or damages out of her husband's estate.

A legacy to the wife, by way of jointure, is, upon a deficiency of assets to pay all the legacies, entitled to priority of payment over the general legatees.

PIRTLE & BALLARD, for appellants, cited 2 *Vesey, Sr.*, 420–1–2 ; 4 *Mad.*, 168 ; 1 *Vern.*, 31 ; 1 *Roper on Legacies*, 415, 417, 426, 432 ; 2 *Williams on Executors*, 1174 ; 1 *Greenleaf's Evidence*, secs. 287, 288 ; *Amb.*, 244 ; *Revised Statutes*, 281 ; *Civil Code*, sec. 161.

SIMRALL & TEVIS, for appellees, cited 2 *Mar.*, 31 ; 2 *Starkie's Ev.*, 1024–5–6, 1094 ; *Roper on Legacies*, 132, 141, 271 ; 2 *Williams on Executors*, 973, 976, *side page* ; 1 *P. Williams*, 126, 296 ; 2 *Vesey, Sr.*, 470 ; 4 *Mad.*, 168 ; 1 *Young*, 341 ; 16 *Vesey*, 396 ; *Rev. Statutes*, 281, *chap.* 30, *sec.* 13 ; *Revised Statutes*, 393, *secs.* 7, 8 ; 2 *Blackstone Com.*, 108, 109 , *Statute of Henry* 8 ; 16 *B. Mon.*, 470.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

B. F. Tevis, by his will, bequeathed to his wife ten thousand dollars, and also his books, plate, and furniture.

He also bequeathed to McCreary, in trust for his brother, J. C. Tevis, three thousand dollars, to be invested for the benefit of the legatee.

The will contains a residuary clause, which disposes of the residue of the testator's property.

Upon a settlement of the estate it was ascertained that the assets were insufficient to pay both of the legacies, and the only question involved in the controversy was, whether either one of the legacies should be paid in full, or whether there should be a proportional abatement of both.

The chancellor decided that neither of the two legacies was entitled to priority of payment, but that both should abate proportionally.

From that judgment the executors have appealed.

We concur in opinion with the chancellor that the testator has not manifested, upon the face of his will, any distinct intention that the legacy to his wife should be entitled to a priority of payment to the other legacies; and it was the well settled general rule, that among legacies, in their nature general, there could be no preference, but, in case of a deficiency of assets, all must abate proportionally. This rule, however, was applied to those legatees who might be called volunteers —as distinguished from those who are purchasers, (so called) of their legacies—that is, whose legacies are predicated upon a *valuable consideration*, as for a *debt* owing from the testator, or in consideration of the relinquishment of some right or interest, as *dower* by a widow, &c. (2 *Williams on Executors*, 976.)

But it is contended, on the part of the appellees, that the legacy to Mrs. Tevis cannot be presumed to have been given in consideration of her relinquishment of her dowable interest in the estate of the testator, for the reason that the statute gave her the privilege of renouncing the provisions of the will, and as she did not choose to do so within the time prescribed by law, she must be deemed to have taken as legatee under the will, as it is, and not in consideration of any relinquishment of dower or other right. And such was the view of the chancellor.

Whether this conclusion is or is not sustained by the principles and authorities relied upon in support of it, need not be determined, inasmuch as there are other provisions of the statutes now in force, which, in our judgment, conclusively settle the question presented by the record.

By *section* 7, *of art.* 4, *Rev. Stat., vol.* 2, *page* 26, it is provided, that "a conveyance or devise of real or personal estate, *by way of jointure,* may bar the wife's dower," but if made after marriage, &c., she may waive the jointure by written relinquishment, and have her dower, in which case the estate conveyed or devised in lieu thereof shall determine, and revert to the representatives of the grantor or devisor.

The next succeeding section is in these words:

"Where the wife is lawfully deprived of her *jointure,* or *any part* thereof, and not by any act of her own, she shall have indemnity therefor, by way of dower or damages, out of her husband's estate."

In determining the construction and effect to be given to this section, it is deemed unnecessary to refer to the provisions of the statute of Henry 8, upon which the modern legal jointure is founded, or to examine the numerous adjudications in which the requisites and incidents of this species of estate have been so thoroughly considered.

The term *jointure,* as used in the Revised Statutes, was obviously intended to designate such estate, whether created by conveyance or devise, as may be settled upon or transferred to the wife, in lieu of dower. In the case of *Yancy vs. Smith,* (2 *Met. Ky. Rep.,* 410,) it is said that the character of the estate which may bar the wife's right to dower, is clearly defined in that clause of the *7th section, supra,* which declares that when the wife demands and receives her dower, the estate conveyed or devised *in lieu thereof* shall determine and revert to the heirs or the representatives of the grantor or devisor. And "unless the transfer be made in satisfaction of her right to dower, the estate cannot be said to be in lieu of dower. If it be transferred to her without reference to her dower, or without any intention that it shall be in satisfaction thereof, it cannot with any propriety be said to be in lieu of dower."

It results, then, that any conveyance or devise of real or personal estate which is intended by the grantor or devisor to be in lieu or satisfaction of dower, must be deemed a conveyance or devise, by *way of jointure,* within the sense and meaning of these expressions as used in the statute.

Whether the provision for the wife, by deed or will, shall be regarded as having been made in satisfaction of dower, is a question of intention, to be determined, in general, upon the face of the instrument. It is not necessary that such provision should be expressly stated to be in lieu of dower; it will be sufficient if it can be clearly collected from the intrument that it was so intended. (*Bright on Husband and Wife*, 1 *vol.*, *pages* 450, 451; *Worsley's ex. vs. Worsley*, 16 *B. Mon.*, 469.)

That the testator, Tevis, intended the provision made for his wife, in the will under consideration, to be in lieu of all her interest in his estate, either as dowress or distributee, does not admit of question. This intention is as apparent upon the face of the will as if it had been declared in terms, and is still more conclusively demonstrated in the paper annexed to the will, containing what are called "directions explanatory" of its provisions, in which he refers to the motives which influenced him in the disposition of his estate, and to the manner in which his intentions were to be carried out.

The will, then, presents the case of a *devise by way of jointure*, within the statute. If it does not, we should find it difficult to conceive of a "devise of real or personal estate" to a married woman, that would be embraced by the terms of the 7th section, *supra*.

It is hardly necessary to remark that the provisions of *section* 13, of the chapter on Descent and Distribution, which relate to the right given a widow to receive her dowable or distributable share, in addition to any devise to her by the will of the husband, if such is the intention of the testator, expressed in the will, or inferable therefrom, have no application to the question we are considering.

Mrs. Tevis accepted the provision made for her by the will— she not having *waived the jointure* in the mode prescribed by law.

If then she becomes lawfully deprived of that jointure, or any part thereof, and not by any act of her own, "she shall," in the imperative language of the statute, "have indemnity therefor, by way of dower or damages out of her husband's estate." No question can arise as to the extent of the in-

demnity to which she is entitled. If she is deprived of the jointure, *or any part thereof*, she shall have indemnity *therefor*. Of course the indemnity must be co-extensive with the loss.

This construction of the statute is not only justified by its terms, and by the object evidently intended to be accomplished by the legislature, but it is in perfect harmony with those equitable doctrines which the courts of chancery have long since established for the protection of married women. Thus it has been held, that where the husband after marriage, entered into a voluntary bond to settle a jointure on his wife, and afterwards settled lands on her accordingly, and thereupon the bond was delivered up On the death of the husband the wife is evicted. On a bill by her, that—being administratrix—she might retain out of her husband's estate, as against the defendants—who were distributees—to the value of her jointure, there being no creditor, the court ordered that what her *dower* fell short of her jointure the sum should be retained by her out of the personal estate. (*Beard vs. Nutthall*, 1 *Vernon*, 427, *cited in Newland on Contracts*, p. 70.)

And it is worthy of remark, that the statute of Henry 8, before referred to, provided for full indemnity to the wife on being evicted of her jointure, or any part thereof.

The judgment of the chancellor is therefore reversed, and the cause remanded with directions to render a judgment as herein indicated.