MOLLY CARTER *versus* CHASE PARKER.

In an action of dower, the marriage of the demandant may be inferred from proof of long cohabitation, continued until the death of the alleged husband, being received and treated as his wife, and their bringing up and educating a family of children as their own.

Proof of the conveyance of the premises, wherein dower is claimed, to the husband by deed of warranty, and his conveying the same to another person during the coverture, in the absence of all evidence to the contrary, is sufficient to prove the seizin of the husband.

The widow is entitled to have such part of the land set out to her as dower, as will produce an income equal to one third part of the income which the whole estate would now produce, if no improvements had been made upon it since it was conveyed by the husband.

THE facts in the case, which came before the Court on an agreed statement, are found in the opinion of the Court.

*J. S. Holmes*, for the demandant.

*A. Sanborn*, for the tenant.

The opinion of the Court was drawn up by

SHEPLEY J. — The demandant by this action claims, as the widow of Jonathan Carter, to recover her dower in seventy-five acres of land, being part of lot numbered five in the first range of lots in the township of Foxcroft.

The death of Jonathan Carter, and a demand of dower made in due season were admitted.

The marriage of the demandant with Jonathan Carter, was denied. A witness testified, that he had known her more than sixty years, that she lived during that period and until his death with Jonathan Carter as his wife, that they had and reared a numerous family of children; that he knew her at Concord, N. H. where it was said, she was published and married. In the absence of any testimony tending to rebut it, this testimony would authorize the conclusion, that they were legally married.

In the case of *Birt* v. *Barlow*, Doug. 174, Lord Mansfield is reported to have said, " an action for criminal conversation is the only civil case where it is necessary to prove an actual

Carter v. Parker.

marriage." The remark was in substance repeated by Lord Kenyon in the case of *Leader* v. *Barry*, 1 Esp. R. 353. In other civil cases a marriage may be inferred from long cohabitation as man and wife, and other usually attending circumstances, unless such cohabitation appear to have been illicit in its origin. *Fleming* v. *Fleming*, 4 Bing. 266; *Cram* v. *Burnham*, 5 Greenl. 213; *Newburyport* v. *Boothbay*, 9 Mass. R. 414; *Hammick* v. *Bronson*, 5 Day, 290; *Fenton* v. *Reed*, 4 Johns. R. 52; *Senser* v. *Bower*, 1 Penn. R. 450. Such proof has been held to be sufficient in an action of dower. *Chambers* v. *Dixon*, 2 S. & R. 475.

The seizin of the husband during coverture was also denied. The demandant introduced a deed containing covenants of warranty from Daniel Wentworth to Jonathan Carter, made on September 1, 1821, acknowledged and recorded on June 3, 1824, purporting to convey the lot including the premises. It also appears by the report of the presiding Judge, respecting the value and income, that Carter conveyed the premises. There is no testimony presented in the case tending to prove, that Carter did not acquire and convey a perfect title. The proof of his seizin is sufficient.

The widow is entitled to have such part of the land set out to her as dower, as will produce an income equal to one third part of the income, which the whole estate would now produce, if no improvements had been made upon it since it was conveyed by the husband. *Mosher* v. *Mosher*, 15 Maine R. 371.

The damages must of course be assessed upon the same principles. The whole income being by the proof and report, fifteen dollars annually, the demandant is entitled to a judgment for damages at the rate of five dollars per annum from one month after the time of demand to the time of judgment.

*Judgment for the demandant.*