CATHARINE BOWIE  
  vs.                    } JULY TERM, 1849.  
JOHN T. BERRY.

[DOWER.]

WHERE a husband alienes land in his lifetime, in which the wife refuses to re-linquish her dower right, in assigning the wife a compensation in money in lieu of her dower, the value of the land at the time of the death of the husband is to be regarded, and not its value at the time of the alienation, unless its increased value has arisen from the labor and money of the alienee.

The improved value of the land, from which the widow is to be excluded in the assignment of her dower, as against a purchaser from her husband, is that which has arisen from the actual labor and money of the owner, and not from that which has arisen from extrinsic or general causes.

Where the husband holds only the equitable title, and parts with it in his lifetime, the widow shall not be allowed dower.

[The bill in this case alleges, that the late Robert W. Bowie, the husband of the complainant, on the 1st of September, 1832, and during the coverture, purchased a tract of land called "Brookfield," and took a bond of conveyance therefor, with condition to convey the legal title upon the payment of the purchase money; and that, subsequently, on the 25th of November, 1843, the legal title, in fee, was conveyed to him, and the bond and deed are filed as exhibits with the bill.

It further alleges, that some time in the year 1839, the said Bowie, having previously sold and conveyed a small portion of said land to another person, sold the residue thereof to the defendant, John T. Berry, for about the sum of thirty thousand dollars, and, as complainant is informed, executed to him a bond of conveyance, with condition, upon the payment of the purchase money, to convey him a title free of incumbrances; but the bill alleges that the complainant is ignorant of the condition of the bond given by her husband, as she had always refused to relinquish her right of dower in the land so sold to Berry; and insisting that she is entitled to dower therein, the bill prays that it may be assigned to her in the usual way, by the decree of this court, or that said Berry may be compelled

to pay her such proportion of the purchase money, as she may, under the rule of this court, be entitled to receive, in lieu of her dower in the land, with interest thereon, from the death of her husband.

The answer admits that the legal title was acquired by the said Robert W. Bowie, by the deed of November, 1843, but insists that said Bowie, prior thereto, and whilst he had only contracted to purchase said land, and to pay therefor a large sum of money, contracted to sell the same to the defendant free and clear of all incumbrances, and alleges that, in pursuance of said contract, he, the defendant, made large payments to said Bowie, which payments, or a large portion thereof, were applied by him to the obtention of the legal title.

It further alleges, that Bowie died insolvent, having failed to obtain a release of the dower right of the complainant, which, if not relieved against, will constitute an incumbrance on said land; and, that, therefore, the defendant is entitled to compensation and reimbursement for so much of his payments to said Bowie as were applied as aforesaid, and that from the value of the complainant's dower interest, if she shall be decreed to have such interest in this land, the said payments are to be deducted.

The case was submitted for hearing by the complainant's solicitor, on bill and answer, during the sittings of July term, 1849, and was, during the sittings, argued by him, no one appearing for the defendant, and was, at the end of the sittings, submitted for decree or order. Upon which submission the Chancellor said :]

---

THE CHANCELLOR :

It does not appear when Mr. Bowie died, nor what is the age and condition of health of his widow ; and, therefore, an order fixing the proportion of the money to which she may be entitled in lieu of dower, could not be passed.

The bill prays either for an assignment of dower, or an equivalent therefor in money ; but this equivalent it is proposed to regulate by the amount which Berry, the defendant, agreed

to give for the land in 1839, which is stated to have been about thirty thousand dollars.

My opinion, however, is, that this is not the true standard. The land may have appreciated or depreciated in value very much, between the purchase by Berry, and the death of the complainant's husband ; and it is the value of the land at the time of the death, which is to be regarded, and not its value at the time of the alienation, unless its increased value has arisen from the labor and money of the owner.

After examining the authorities upon this question, Chancellor Kent comes to the conclusion, "that the improved value of the land, from which the widow is to be excluded in the assignment of her dower, as against a purchaser from her husband, is, that which has arisen from the actual labor and money of the owner, and not from that which has arisen from extrinsic or general causes." 4 *Kent's Com.*, 68.

But the answer in this case takes the ground, that as Mr. Bowie had but an equitable title to this land when he sold to the defendant, he is entitled, upon the condition of the bond of conveyance, to give him a clear title, to have the payments made by him to Bowie, and which were applied by the latter to the obtention of the legal title set off or discounted from the complainant's claim to dower.

If Mr. Bowie, while he held but an equitable title, had sold and transferred that title to the defendant, the claim of dower could not be supported, it having been decided by the Court of Appeals, that if the equitable title is parted with by the husband in his lifetime, the widow shall not be allowed dower. *Miller* vs. *Stump*, 3 *Gill*, 304.

But this was not done ; on the contrary, Mr. Bowie, four years after he contracted to sell the land to the defendant, took the deed from his vendors to himself, because the defendant had not then paid the purchase money, a part of which, it is understood, is even yet due.

This is the case, then, of a husband dying seized of the legal title ; and, therefore, it would seem that the dower claim cannot be defeated, either directly or indirectly, in the mode pro-

posed by this answer. It is possible a different view might have been taken of the subject in a court of equity, if, during the life of Mr. Bowie, the defendant had put himself in a condition to demand a conveyance of the title, by paying all the purchase money he had contracted to pay.

I am not sure, however, that the value of the thing out of which the dower is claimed, should not be diminished by the amount of the sums paid by the defendant to Mr. Bowie, in his lifetime, and by him applied to the payment of the land; and as the case has not been argued on the part of the defendant, that point will not now be decided; but the case sent to the Auditor, to report such accounts as will enable the court to determine the question hereafter.

[This order was not appealed from.]