JUDGE ROBERTSON
delivered tiie opinion of the court:
The appellant insists that the circuit court erred to his prejudice in the allotment of dower to the appellee in a tract of land of 127 acres, held by him as sub-purchaser from her husband, without her concurrence in the sale and conveyance of it.
Although the preparation of the case has been irregular in some respects, yet, each party having had full opportunity to present all the essential facts, and having taken all needful testimony, a just decision may be reached on the record as now presented; and, therefore, this court will not notice unessential irregularities.
It appears, that, when conveyed by the appellee’s husband, the land was heavily timbered and unimproved, except by a partial clearing of about five acres, with a decayed cabin and rotting inclosure, estimated as worth, for use, about nine dollars a year; and that now the land is nearly denuded of timber, more than fifty-acres cleared for cultivation, and improved by a comfortable dwelling and other appurtenant buildings, the annual use of all of which is estimated at about two hundred dollars.
On these facts the commissioners allotted to the widow thirty-two acres, chiefly cleared, and excluding all the buildings. The court confirmed the allotment; and there is nothing in the record to satisfy this court that there is any excess in quantity or injustice in location as thus adjusted.
The appellant’s counsel assumes that the true criterion is the value of the usufruct at the date of the conveyance, which would reduce the dower to as much land only as would be worth, in its use, about three dollars a year. And, on the other side, the case has been so prepared as to indicate the value of the inheritance as the true meas *30 ure. Neither of these is the proper test of admeasurement. Both principle and authority prescribe the value of the use at the time of the allotment, considering the land in the same condition it was in when alienated, without amelioration or deterioration, resulting from the acts of the purchaser.
This common law rule has not been essentially changed by the 10th section of chapter 47, Revised Statutes (Stanton, 27), which provides, that “ whether the recovery is against the heir, or devisee, or purchaser from the husband, the wife shall be endowed according to the value of the estate when received by the heir, devisee, or purchaser, so as not to include in the estimated value any permanent improvements he has made on the land.”
The constructive object of this enactment was to recognize and fix the rule of the common law, and apply it to all the enumerated cases alike. It cannot be consistently construed as intending that, if land worth only ten dollars an acre when alienated by the husband, had naturally increased in value to one hundred dollars an acre at the time of allotting his wife’s dower, she should have only one tenth of a third of the original quantity. Never having parted with her inherent right in the land, she must be entitled to the use of one third, estimated according to quantity, quality, and value, when allotted to her, except so far as the purchaser had increased the value by improvements. The value at the time of allotment, without augmentation by improvements, must control, and should therefore be estimated at what it would then have been worth had it remained in the condition it was in when alienated; and the statute, interpreted according to its context and presumed object, imports this,
' and nothing either more or less. To construe it as intending the value at the date of the conveyance would be ab *31 surd; for the widow could not be divested, by legislation, of her vested right for life to one third of the land as conveyed by her husband; and consistently with that usufructuary measure and the context, the enactment clearly means, what it would literally import had its language been, “the wife shall be endowed according to the value of the estate (as) when received by the heir, devisee, or purchaser;” that is, that it should be valued as it then was without the enhancement of subsequent improvements ; and this is, relieved of all difficulty by the explanatory words, “so as not to- include in the estimated value any permanent improvements he has made on the land; ” which provision would have been superfluous and perplexing if the value at the time of the conveyance had been intended.
The allotment, as made in this case, seems to have been guided by this rule. The soil is thin, and the timber was the chief element of value; and, although a doweress has no right to use timber otherwise than as subservient to a comfortable enjoyment of her life estate, yet, when endowed of land either altogether uncleared or not sufficiently cleared, she has a right to clear it, or extend the clearing so far as her full enjoyment of her estate as her home may require; and to that extent, whatever it may be, she has the incidental right to remove the timber and appropriate it to the expense of her necessary improvements; and not only may we presume that the clearing done since the conveyance was fully compensated by the timber which was removed and converted, but it appears that the land as cleared is less valuable than it would be in its native state. The cleared land allotted to the appellee may reasonably be deemed, therefore, of no more value to her than the same quantity uncleared would have been; and we have no right to *32 presume from the proof that thirty-two acres as allotted, being considerably less than one third in quantity, is more than one third in value for use during the appellee’s life.
We therefore perceive no error of which the appellant has a right to complain.
Wherefore, there being no cross-appeal, the judgment is affirmed.