*Lorin M. Cooke,* for plaintiff.
*M. D. L. Mowry,* for defendant.

---

ANN F. WESTCOTT *vs.* GEORGE CAMPBELL.

In Rhode Island when dower is to be assigned in estates alienated by the husband, the widow is to be endowed according to their value at the time of the assignment, subject to the restriction that if they have been improved by the purchaser she is not to take advantage of the increased value resulting from such improvement.

A., whose husband died in 1873, claimed dower in a mill estate alienated by him some years before. In 1871, the mill, being fully insured, was burned down and was rebuilt in 1873: —

*Held,* that she was entitled to dower in the value of the estate at the time of the dower assignment ; that she must suffer the depreciation of value by the fire ; and that she was not entitled to dower in the value given to the estate by the rebuilding.

DOWER. On commissioners' application for instructions.

*July* 6, 1876. DURFEE, C. J. This is an action for the recovery of dower in about ten acres of land, with the improvements thereon, consisting of a mill, mill privilege, dam, houses, and other buildings. The action was referred to commissioners

to ascertain what sum shall be paid to the plaintiff in full satisfaction for her dower, and also to ascertain the damages sustained by her for the detention thereof. It now comes before us upon an application of the commissioners for instructions. The application sets forth that the plaintiff's husband died in August, 1873; that all his right, title, and interest, in the estate wherein the plaintiff sues for her dower, were sold some years before his death under a mortgage; that in 1871, while the estate was owned by other parties, the mill thereon was burned, being fully insured; that the foundation and portions of the walls, being of stone, were left standing; that during 1873, the mill was rebuilt, the old foundation and building stone being used in the rebuilding; that the mill as it now stands covers more ground, but does not contain any more room than the former mill, if it does as much, being one story less in height; that the mill was burnt previous to the death of the plaintiff's husband, and had been rebuilt at the time demand was made for dower. The application further sets forth that at the hearing before the commissioners, counsel disagreed as to the right of dower in the rebuilt mill, the counsel for the plaintiff claiming that she is entitled to dower out of the property as it was when demand therefor was made, and the counsel for the defendant claiming that she is only entitled to dower out of the property, less the value of the new mill. The commissioners desire to be instructed what their duty is in regard to the disputed point.

In England, the rule for the assignment of dower in alienated estates, as declared in *Doe on dem. Riddell* v. *Gwinnell*, 1 Q. B. 682, is that the widow shall be endowed according to the value of the estate at the time her dower is assigned, regardless of any improvement or deterioration resulting from the acts of the purchaser. The rule in this country is more favorable to the purchaser, and excludes the widow from taking advantage of his improvements upon the estate; but it allows her generally, though not in all the states, to have the benefit of any rise in value resulting from other causes. *Thompson* v. *Morrow*, 5 S. & R. 289; *Powell et ux.* v. *Monson & Brimfield Manufac. Co.* 3 Mass. 347; Bishop on Married Women, § 344, and cases cited. We approve the rule as we have said it prevails generally in this country. Its policy is to avoid discouraging purchasers from making improvements.

In the case at bar the estate suffered deterioration before being improved. We do not think, however, that this should make any difference in the application of the rule. If the defendant had not rebuilt the mill after it was .burnt, the widow could only have had her dower in the estate according to its depreciated value. The defendant, inasmuch as neither he nor his predecessor in title appears to have been responsible for the fire, could not have been required to make good any loss which she might suffer in consequence of it. And it has been held even that she would have to bear, without redress, a depreciation resulting from wilful waste or destruction by the purchaser, though this would seem to be pressing the doctrine to a questionable extreme. *McClanahan* v. *Porter*, 10 Mo. 746 ; *Thompson* v. *Morrow*, 5 S. & R. 289; Perkins, § 329, cited in *Doe on dem. Riddell* v. *Gwinnell*, 1 Q. B. 689 ; *Fritz* v. *Tudor*, 1 Bush, 28.

We think, therefore, that the plaintiff is entitled to dower in the estate described in the declaration according to its value when the dower is assigned, less the amount by which its value has been increased by the rebuilding of the mill. In so far as its value has been so increased, the defendant, exclusively of the plaintiff, should have the benefit. We will instruct the commissioners to make their estimate in accordance with these views. .

*Instructions accordingly.*

*James C. Collins*, for demandant.
*Samuel Currey & William W. Douglas*, for tenant.