SUSAN D. H. BOYD *vs.* SAMUEL L. CARLTON.

Cumberland.   Opinion February 22, 1879.

*Dower,—assignment of.*

In an action of dower, where the husband had conveyed a tract of land, which his grantor subsequently divided and conveyed to several persons, in severalty, the plaintiff is entitled to have her dower set out to her in the parcel described in her writ, according to the present value thereof, excluding the increase in value by reason of improvements made on the same by the defendant or his grantors since the husband aliened the tract of which said parcel is a part; but not excluding the increased value by reason of improvements made by the owners of the other parcels carved out of the same tract, or by their grantors.

She is entitled to have her dower assigned in the parcel held in severalty by the defendant, precisely as though that parcel had been aliened by the husband as a distinct estate, and by a separate conveyance.

ON REPORT.

ACTION OF DOWER.   Writ dated May 22, 1876.

It appeared in evidence that on November 11, 1841, the President, Directors & Co., of the Exchange bank held a judgment and execution against Wm. Boyd, the then husband of demandant, and on that day levied said execution upon a large tract (about four acres) of land in Portland, of which the premises described in the writ constitute a part.   Said tract at the time of said levy, and for several years after, was unimproved, and substantially unproductive.   About the year 1848 a street was opened through said tract ; the remainder of the tract was divided into lots of convenient size, which have become the property of sundry persons deriving their titles from said bank by sundry mesne conveyances, and valuable houses have been erected, and are now standing on all said lots.

The premises described in demandant's writ have been improved by the erection thereon of a valuable house covering a portion of said lot; and the whole of said lot has been improved by filling, draining and fencing.

The demandant claimed that she is entitled to her dower in the tenements described in her writ according to the present value

of said tenements, excluding the increased value by reason of improvements on that parcel of land by the successive tenants since the time when her husband aliened the premises; and that in determining her dower, this tenant shall not be permitted to take into account, and have the benefit of any increased value of his tenements by reason of improvements made, since her husband aliened, on other parcels of the entire tract by him aliened as aforesaid, but that as to all such increased value she is entitled to the benefit of the same.

The tenant contended that the demandant is entitled to have set out to her for her dower, such part of the premises described in her writ as will produce an income equal to one-third of the income which said premises would now produce if no improvements had been made since the levy upon any portion of the tract levied upon.

*N. Webb & T. H. Haskell*, for the plaintiff.

*J. & E. M. Rand*, for the defendant.

The general principle we assume to be well settled, that the dower must be adjudged according to the value of the land at the time of the assignment, excluding all increased value from improvements made upon the premises by the alienee, leaving the dowress the benefit of any increase of value arising from circumstances unconnected with these improvements. 1 Wash. R. Prop. (3 ed.) 273, and cases there cited. Or, as this court say in *Carter* v. *Parker*, 28 Maine, 509, such part of the land is to be set out as will produce an income equal to one-third of the income which the estate would have produced if no improvements had been made since alienation.

Of land taken on execution from husband, the wife is dowable as it existed at time of levy, and not in improvements made after. *Ayer* v. *Spring*, 9 Mass. 8.

The facts in this case are somewhat peculiar, but do not vary in principle. This land (four acres) was aliened in one piece, and was so held by the alienee for many years. Had it, to death of the husband, remained in one piece, owned by one person, or by many as tenants in common, and been literally covered with valu-

able improvements, the law is settled that the dower must be set out, excluding all increased value from improvements. But after the alienation by plaintiff's husband, the tract (the four acres) was divided into some twenty lots, which, during the life of the husband, became the property in severalty of some twenty different owners, and these different owners have each and all made valuable improvements upon their several lots ; and now this plaintiff, suing each and all of these several owners, claims against each of them and against his lot, to have the benefit, in the assignment of her dower, of the increased value thereof from all the improvements made upon their several lots by all of the others. Does this subdivision of the lot, originally alienated by the husband, change the principle of law regulating her dower, and give her, in this indirect way, the benefit of the improvements made upon the alienated premises ? The subdivision of the lot changes the mode of proceeding to obtain dower, and of setting it out, but not the principle of law governing the assignment.

The words, " improvements made upon the premises," as used in the decisions, do not mean improvements made upon the premises demanded in the writ, but improvements made upon the alienated premises.

BARROWS, J. The lot in which the plaintiff here demands her dower is part of a parcel of about four acres of land in Portland, which was owned by the plaintiff's husband during the coverture, until it passed from him in 1841 by the levy of an execution on the entire parcel in favor of the president, directors and company of the Exchange bank. At the time of the levy there were no buildings on said four acre parcel ; but, a few years later, a street was opened through it, and the remainder was divided into lots of convenient size, one of which is the defendant's, and all of which have passed into the hands of sundry persons, holding under sundry mesne conveyances from said bank ; and valuable houses have been built upon all of them. The defendant's lot has been improved by filling, draining and fencing, and the erection of a valuable house thereon.

The defendant, not denying the plaintiff's right to dower in

this lot, contends that she is entitled to have set out to her only such part thereof as will produce an income equal to one-third of the income which said lot would now produce if no improvements had been made since the levy upon any portion of the tract levied upon.

The plaintiff claims that she is entitled to her dower in the premises described in her writ according to the present value thereof, excluding the increased value by reason of improvements on the same by the successive tenants since the time when her husband aliened the premises, but that she, and not the tenant, is entitled to the benefit of any increased value of the lot by reason of improvements made since the levy on other parcels of the entire four acre tract.

Both parties accept as correct the general principle as stated in many American cases where dower is awarded against the alienees of the husband or their grantees, and in the text books, substantially thus : The dower is to be assigned according to the value of the lands at the time of the assignment, excluding the increase in value by reason of improvements made on the premises by the alienees, and giving the dowress the benefit of any increase from other circumstances ; or, as expressed by this court, by Shepley, J., in *Carter* v. *Parker*, 28 Maine, 509, "The widow is entitled to have such part of the land set out to her as dower as will produce an income equal to one-third part of the income which the whole estate would now produce if no improvements had been made upon it since it was conveyed by the husband."

" She is not entitled to be endowed of improvements made by the grantee of the husband, or by the assignee of such grantee. The widow is to be excluded from the improved value arising from the labor and money expended upon the land since the alienation, but not from that which has arisen from other causes." *Mosher* v. *Mosher*, 15 Maine, 371.

" The plaintiff is entitled to her dower, excluding in the assignment of it any improvements made by the grantee or his assignee since the alienation." *Harvey* v. *Hobbs*, 16 Maine, 80.

The contention that arises between the parties is whether

expressions like those above quoted from our own decisions apply only to the lot in which dower is demanded in the suit, and is to be set out; or whether, where, as here, the lot is part of a larger parcel aliened by the husband by one conveyance, they exclude all increased value by reason of improvements by other grantees of the alienee on other parts of the parcel.

Such a contention could not arise under the English rule as laid down by Lord Denman in *Riddell* v. *Gwinnell*, 1 Adol. & El. 682, (41 E. C. L. R., 728,) where he discusses at large the ancient authorities, Fitz Herbert, and Plowden, and Coke, and concludes that, considering the nature of dower and the remedy provided for it by the law of England, the right unquestionably attaches on all of the lands of which the husband was seized during the coverture, " at the period of his death according to its then actual value without regard to the hands which brought it into the condition in which it is found; the law apparently presuming that it will continue substantially the same up to the assignment." He adds, " Mr. Park (on Dower, 257) informs us that ' the understanding of the profession is that the wife shall be endowed of the land as she finds it at the time of her title to dower consummated.' We have permission from Sir Edward Sugden to state that he always considered the rule to be that the widow is entitled to have assigned to her as her dower so much in value as is equal to a third in value according to the condition of the estate at the time of her husband's death." In fine, under Lord Denman's rule, he who builds on land in which there is an outstanding inchoate right of dower finds himself, after the death of the husband when the dowress comes, in the position of any other man who builds on land to which another has a paramount title.

But in this country, where land is more widely distributed in small parcels, and changes owners more frequently, the possession of it being less valued and the title less scrutinized than in England, it was long ago felt that such a rule would often produce inequitable and, in some cases, disastrous results; and the common law as held by the courts changed to accommodate itself to the new circumstances. The modification seems to have been

adopted for the reasons referred to by Parsons, C. J., in *Gore* v. *Brazier*, 3 Mass. 544, prominent among which is the idea that public policy requires it, so that purchasers may not be discouraged from improving their lands.

Widows, whose husbands had aliened with warranty during the coverture, and whose interest in the personals that might be required to respond for a breach of the warranty was large, would be likely also to adjust their claims, if they made any, upon easy terms, so that neither their children's nor their own share of the personals would be burdened thereby.

However it has come about, the difference between the American rule and that of Lord Denman is well established. The husband, while he has theoretically no control over his wife's right to dower, has it in his power to affect its value by his conveyances ; i. e., he may compel her to claim and receive it in many small parcels, the owner of each of which may set out her dower therein, excluding the value of all improvements made thereon by himself or his grantors since the alienation by the husband.

The natural tendency of such alienations under the American rule is to diminish the value of the dower, because there is less probability that the dowress will be able to put many small parcels to the profitable use which she might make of one large one. The question presented in this case, then, is one which is almost sure to arise whenever the husband has aliened without warranty a considerable tract that has been subsequently divided and improved, and it needs careful consideration.

The counsel for the defendant ingeniously argues that the subdivision since the alienation should not affect the general principle, because the dowress will in that way in her various suits indirectly get the benefit of all the improvements made on the four acres, which clearly she could not do if it had remained the property of the original purchaser, and had been improved by him, or by many purchasers as tenants in common ; and he claims that, while the subdivision affects the mode of proceeding to obtain the dower and of setting it out, these are only matters of form, not of substance, and the dowress should be excluded from the benefit of all improvements made on the premises aliened by the hus-

band, as well as those made by the defendant or his grantors, on the premises in which dower is demanded in this writ.

If we were satisfied that the subdivision affected the setting out of the dower in the form only and not in substance, it would go far to show that the governing principle ought not to be changed because of the subdivision after the alienation. But we think this proposition of the defendant cannot be maintained.

As before suggested, dower in a single parcel of four acres, set out, as it ought to be, in one piece, is obviously capable of being used in various ways more profitably than detached pieces of insignificant dimensions, such as the dowress might be obliged to accept when the subdivision has taken place. These last might depend for their value mainly upon the inconvenience to which the occupant of the small lot is subjected by the possession of the dowress, and his ability and willingness to free himself from that inconvenience by payment of a reasonable sum to procure the extinguishment or release of her right. We think there is a substantial difference between the dower in a single four acre piece and dower in the same when it has been divided into a score of small lots. Moreover, the case finds that, after the parcel went into the hands of the husband's alienee, a street was opened through the tract, preparatory to the subdivision of the remainder. Whether this was by dedication and acceptance does not appear ; nor is it material, for, however it was brought about, the effect was to defeat the claim for dower in so much of the four acres as was thus appropriated. 1 Wash. R. P. (1 ed.) Book 1, c. 7, § 37, p. 220, and cases there cited.

Now, if the husband had aliened in small lots, as the tract is now divided, to the several owners, of whom the defendant is one, it would not be contended that the owner of either lot could claim that any improvements, except those made by himself upon his own lot should be excluded from the estimate. We think, for the reasons assigned at large in *Fosdick* v. *Gooding*, 1 Maine, 30, that, since the consequences to the widow in respect of dower must be the same where he alienes to one and the grantee afterwards conveys in several parcels to several, the rule for the assignment should be the same in such case as it would be if the husband had made the division directly.

The acts of the husband which are powerless to defeat, ought not to be suffered to impair the value of the wife's dower beyond their necessary results under the American rule. Creditors who take the husband's lands by levy take them subject to the contingency of the wife's claim of dower. Those who derive their title from the levying creditors take it with the same burden as though they derived it directly from the husband by a levy on the parcel which they own. The division by the levying creditors of the tract levied on as the husband's property, and the sale of it to various parties in small lots, and the improvements made by the owners of the other lots must be regarded, if they have tended to enhance the value of the defendant's lot, and consequently of the dower to be assigned therein, as among the " other causes " and " other circumstances " to the benefit of which the dowress is entitled.

The language quoted from the decisions applies only to the lot in which dower is demanded in the suit, and not to other land of the husband, though alienated at the same time and by the same act.

The plaintiff is entitled to have her dower assigned in the lot held in severalty by this defendant precisely as though that lot had been aliened by the husband as a distinct estate and by a separate conveyance.

*Judgment for demandant*
*for her dower accordingly.*

APPLETON, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.