Hoskins v. Crabtree's Admr., Etc.

Case 14—PETITION EQUITY—February 2.

# Hoskins, Etc. v. Crabtree's Administrator, Etc.

APPEAL FROM HOPKINS CIRCUIT COURT.

1. Constitutional Law—Title of Act—Husband and Wife—Descent and Distribution.—Legislation regulating the rights of the wife in her deceased husband's estate, real or personal, may be constitutionally enacted either under the title of "husband and wife" or "descent and distribution;" therefore an act to amend an act entitled an act relating to "husband and wife," which changed the rights of the widow in the deceased husband's personalty was germain to the title, although that subject had always been provided for and treated of, in our law, under the head of "descent and distribution."

2. STATUTORY CONSTRUCTION.—The amendment gives to the widow one-half the surplus personalty of the deceased husband, whether he leaves issue or not, and it is impossible to reconcile it with the provisions of a former act giving the widow one-half the surplus personalty only when there are no children.

PETREE AND DOWNER FOR APPELLANTS.

1. All legislation affecting the surplus personal estate of a decedent belongs properly and logically to the subject of "descent and distribution," and always has in Kentucky been classified under that title; and the title of "husband and wife" is a proper subject and heading under which to regulate marriage and divorce and the property rights of the parties so long as the relation exists; but when that relation ceases by the death of one of the parties, the question of how and to whom the property of either should go should be treated and indicated under the title of "descent and, distribution;" the subject of the amendatory act was therefore not expressed in the title, and it was unconstitutional. Sec. 51 Ky. Constitution; Sutherland on Statutory Construction, sec. 88, *et seq;* Rushing v. Sebree, 12 Bush, 199; Jones v. Thomson's Executor, 12 Bush, 394; Railroad Co. v. Elizabethtown, 12 Bush, 235; Chiles, &c., v. Monroe, 4 Met., page 72.

EDWARD W. HINES OF COUNSEL ON SAME SIDE.

1. The amendment under the title of "husband and wife" makes no reference to the rights of the children in the personal estate of their deceased father, but deals merely with the rights of the husband and wife and the survivor; therefore when it provides that the survivor shall have an absolute estate in one-half of the surplus personalty left by the decedent, it should be regarded as applying only where there are no children, thus leaving sec. 11, chapter on "descent and distribution" to regulate the rights of the widow and children, where there are children; repeals by implication are not favored, and it can never be presumed that the legislature intended to keep contradictory enactments on the statute book and any reasonable interpretation which offers an escape from it, should be generally adopted. Endlich on Interpretation of Statutes, secs. 210, 211, 222; Sutherland on Statutory Construction, sec. 152; Elizabethtown R. R. Co. v. Elizabethtown, 12 Bush, 235.

2. The interest of the surviving husband or wife in the surplus personalty of the decedent has always been regulated in this State by the Statutes of "descent and distribution," and an attempt to regulate it under the title of "husband and wife" is misleading and deceptive and in violation of sec. 51 of the Constitution. Although it might originally have been properly provided for under either of these subjects, yet after the legislature has made provision for it under one of them it can not afterwards be amended by a statute upon the other subject. *Ex parte* Cowert, 92 Ala., 100; State v. Leverage, 33 Louisiana Ann., 120.

C. H. BUSH for appellees.

1. Only those who have been prejudiced by an unconstitutional law can complain of it; B. W. Crabtree was alive when the act complained of was passed, and neither his widow or children had at that time any interest whatever in his personal property. Commonwealth v. Wright, 79 Ky., 22; Cooley on Constitutional Limitations, 6 ed., pp. 438 to 440; Sullivan v. Berry's Admr., 83 Ky., 198.

2. The law regulating the husband's right of curtesy and the wife's right of dower has always been in this State treated of under the title of "husband and wife," and why should not their rights in each others' personal estate be properly treated of under the same title? The subjects are sufficiently allied and connected to come under the same head. Burnside v. Lincoln County Court, 86 Ky., 423.

3. A subject relating to a right based upon marriage properly belongs in an act relating to husband and wife; such rights do not arise from ties of blood and consanguinity, but purely by reason of the marriage relation.

W. G. BULLITT on same side.

1. The provisions of a statute should not be regarded as unconstitutional where they relate directly or indirectly to the same subject, having connection with and not foreign to the subject expressed in the title. Phillips v. Covington & Cin. Bridge Co., 2 Met., 219; Hope v. Commonwealth, 79 Ky., 567. Surely the regulation of the rights of husband and wife in the surplus personal property of each other can not be claimed to be foreign to the title of "husband and wife."

2. No one is authorized to complain of the unconstitutionality of an act unless the act in some way affects their rights. Commonwealth v. Wright, 79 Ky., 22.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

It is the contention of the appellants that the act of March 15, 1894, entitled "An act to amend and re-enact article three (3) of an act entitled, An act relating to and entitled, Husband and Wife, approved May 16, 1893," is unconstitutional in so far as it provides that the widow shall have an absolute estate in one-half of the surplus personalty left by her deceased husband, and that this is so, because without reference to the act relating to descent and distribution, under which title this subject has always been provided for in our law, the amendment in question materially affects the law of descent and distribution. And that its title is deceptive and misleading because it purports to be an amendment merely of the act relating to husband and wife, under which title the question of the rights of the surviving wife and children are not and never have been regulated.

We think it manifest, however, that legislation regulating the rights of the wife in the deceased husband's estate, real or personal, may constitutionally be under either the title of "Husband and Wife," or "Descent and Distribution," and therefore the amendment found in section 2132 of the Kentucky Statutes is germain to the title of the act and is constitutional. Under it, the widow is entitled in any event to an absolute estate in one-half of the surplus personalty left by her husband, and not merely to one-third if the intestate leave issue, and one-half if he leave no issue, as is provided in the law of descent and distribution.

Nor do we think it possible to reconcile the two conflicting provisions by construing the act of March 15, 1894, as giving the widow one-half the surplus personalty only when there are no children.

Such a construction would do violence both to the language and to the manifest intention of the law makers.

The judgment below conforms to these views and is therefore affirmed.