JOHN BUTLER, Appellee, v. THOMAS BUTLER and
ELIZABETH BUTLER, Appellants.

**Conveyances:** PAROL UNDERSTANDING: EFFECT. The effect of an un-
1  conditional conveyance by an heir to his mother can not be neu-
tralized or destroyed by an oral understanding that the same was
for the grantee's use and would eventually come back to the
family estate and be divided among the children.

**Same:** CONSIDERATION. A gift of land by an heir to his parent when
2  completed by the execution and delivery of a conveyance can not
be repudiated because no actual consideration passed.

**Same:** CONVEYANCE BY HUSBAND ALONE: EXTINGUISHMENT OF DOWER.
3  The dower right of a wife in the lands of her husband is a right
in and to the physical property, of which she can not be legally
divested for the purpose of giving effect to a deed executed by
her husband alone. Therefore a court has no jurisdiction to fix
a value upon her dower interest and decree that upon a deposit
of the amount to be paid to her in case she survives her husband,
and in case she dies first to be returned to the husband's grantee
shall free the land of her inchoate claim of dower.

*Appeal from Hamilton District Court.*—HON. CHARLES E.
ALBROOK, Judge.

WEDNESDAY, JULY 5, 1911.

THE case is stated in the opinion.—*Affirmed* in part.
*Reversed* in part.

*John D. Porter,* for appellants.

*O. J. Henderson,* for appellee.

WEAVER, J.—John H. Butler died seised of several
tracts of land, including the one now in controversy, and

left surviving him a widow and several children, among whom are John Butler and Thomas Butler, parties to this action. By the will of the deceased, his lands and other property were given to the members of the family in varying proportions. After his death and pursuant to an agreement reached between them, the children undertook to quitclaim to their mother all their respective interests in and to the north half of the N. W. ¼ of section 29, township 89, range 24, in said county, and they all, including the defendant Thomas, united in executing such conveyance. This conveyance was also executed by the several spouses of the married grantors, except Elizabeth, wife of the defendant Thomas. Thereafter the widow conveyed said land by warranty deed to her son John, who is the plaintiff herein. Having thus acquired title, plaintiff demanded a quitclaim from Elizabeth, pursuant to an alleged promise from herself and husband so to do, and upon her refusal to give it he instituted this proceeding in equity, setting up the facts as hereinbefore stated, and asked to have his title established and quieted against the defendants, and especially as against the said Elizabeth, and that in case such relief could not be had that the value of her inchoate right in the land be ascertained as of the date when her husband conveyed his interest therein, and that such order be made as the court might deem just and equitable to settle and protect the rights of all concerned. The defendant Thomas Butler appears and separately answers denying that plaintiff is the rightful owner of the land, and avers that the conveyance in which he joined was obtained from him by fraud and without consideration. Elizabeth Butler adopts the answer of her husband, and further denies that she ever agreed to join in the conveyance to plaintiff.

The trial court found that Elizabeth Butler held an inchoate right of dower in the one-eighth part of the land above described, which one-eighth part at the date of said

quitclaim deed was of the value of $400. All other issues were found in favor of plaintiff. It was therefore ordered that for the protection of said inchoate right of dower the plaintiff should pay to or deposit with the clerk of the court the sum of $166.66, to be by him retained, subject to the further orders and directions of the court, and that on such payment or deposit being made the land should be relieved from the incumbrance and lien of said contingent claim of dower, and the title to the land quieted in plaintiff. It was further ordered that if the said Elizabeth Butler shall survive her husband the clerk shall then pay over to her said deposit; but in case she die before her said husband, Thomas Butler, it shall then be returned to the plaintiff. From this decree, the defendants appeal.

The defense of fraud is based upon an alleged "understanding" between the parties to the quitclaim deed that the title was being conveyed to the mother for her own use, and

1. CONVEYANCES: parol understandings: effect.

would eventually fall back into the family estate, to be divided among her children, and that the conveyance by her to plaintiff was made in violation of that understanding. It is hardly necessary to say that, even if such talk and oral agreement could be shown, the conveyance in disregard thereof could in no just sense of the word be branded as a fraud of which the law will take cognizance. The effect of an unconditional conveyance can not be neutralized or destroyed by vague and ill-defined impressions or understandings of the parties. Moreover in this case there is a radical failure of proof of the matters alleged in the answer as constituting fraud.

Nor is there any merit in the plea of want of consideration for the conveyance. The deed imports a consideration, and when duly made and delivered it passes

2. SAME: consideration.

title. It was entirely competent for defendant to give his interest in the land to his mother, without price, and when that gift (if such it was)

was completed by the execution and delivery of the deed it could not be repudiated by him because he received nothing in payment. But the record tends strongly to show that he did not make the conveyance without consideration.

The only question presented by the appeal which is fairly open to debate is whether, when Thomas Butler has undertaken to convey his fractional interest in the land, and his wife refuses to unite therein, the court may by decree properly relieve the land of such incumbrance, upon the deposit in court by the grantee of a money equivalent, to be there held until the wife's dower becomes vested, or her inchoate right is eliminated by her death in the lifetime of her husband. The remedy of the grantee of land, where the spouse of the grantor refuses to unite in a conveyance, has been a subject of consideration by this court on several occasions.

3. SAME: conveyance by husband alone: extinguishment of dower.

In *Leach v. Forney*, 21 Iowa, 271, it was held that the grantee could at his option accept the conveyance of the grantor alone, and "retain one-third of the entire purchase until the title is perfected, without interest, a lien being reserved on the land for the unpaid purchase price; or he may pay the same over to the grantor, and take personal security therefor." This rule was reaffirmed in *Presser v. Hildenbrand*, 23 Iowa, 483, and *Hession v. Linastruth*, 96 Iowa, 483. The question was up again in *Donaldson v. Smith*, 122 Iowa, 388, but the terms of the decree there affirmed are not stated, though it is described as not quieting the title against the wife of the grantor, but as recognizing and protecting her contingent interest. In *Bradford v. Smith*, 123 Iowa, 41, the trial court by decree provided for a deposit with the clerk of one-third of the purchase price of the land somewhat after the manner of the decree in the case at bar; and it was further provided that in case the wife of the grantor should outlive him, thereby maturing her dower, she should be entitled

to receive such deposit, or, "in case she or her representatives, heirs or assigns, are unwilling to receive the money in lieu of any interest or title she may have in one-third of said land, then in such event she shall be held to be the owner of a one-third interest in said estate, and said one-third in money shall be returned to said S. C. Bradford, his heirs or assigns." That decree was so far modified by us to provide for payment of the deposit to the grantor in case he survived his wife, and as so modified was affirmed. The last case called to our attention by the appellee *(Noecker v. Wallingford,* 133 Iowa, 611), states the rule thus: "If the contract holder elects to take title to the interest of the contracting spouse, he may be protected by the decree against the contingent right of the spouse not joining. And this may be accomplished by a provision in the decree that he shall retain a fixed proportionate amount of the purchase money." There are other decisions which are more or less in point, but none, we think, indicating any radical departure from the doctrine laid down in the line of precedents to which we have called attention.

In the case at bar the trial court has gone a step in advance of our prior decisions, in that it is provided by the decree that upon the deposit with the clerk, equal to the one-third of the value of the husband's interest in the land at the date of his conveyance, to be there retained on the conditions named, title to the land shall be forever quieted in the plaintiff, and the wife "shall be thereafter barred and forever estopped from having any right or title to or interest in or claim upon said real estate, or any part thereof." In other words, if this decree is to stand and the money is deposited, and the wife shall outlive her husband, no matter how far in the future that event may be, or how valuable the land may have become, her sole and only right in the premises will be to demand and receive from the clerk the sum of $166.66, without any increase of

interest. We are quite clear this can not be lawfully done. Under our statute the wife, if she outlive her husband, succeeds at once to the title in fee simple to one-third of all the real estate of which he was seised at any time during the existence of the marriage relation, which lands have not been sold on execution or other judicial sale, and to which she had made no relinquishment. Code, section 3366.

That right is a right in and to the physical property, and we think there is no statute and no principle of law or equity by which she can be compelled to surrender that right while it is still inchoate, or to commute it into an equivalent sum of money, for no other purpose than to give to a deed executed by her husband alone the force and effect of a conveyance executed by them jointly. To so hold is to repeal the statute and to enable every husband who is so inclined to defeat his wife's inchoate dower in all his lands, without judicial sale and without her relinquishment or consent. Nor is the widow's right in lands which have been alienated by the husband alone, limited to the value of such lands at the date of such conveyance. It is to be admitted that authority may be found for such rule, but the overwhelming weight is to the contrary. It is, of course, equitable in such cases that the widow shall not be permitted to profit by an increase in value due to improvements and betterments made or created by the labor and money of the grantee, who has expended them in good faith, believing he had a perfect title; but in all increase arising from the general growth, prosperity, and development of the country, or from any other source than the labor and expense of the grantee, she is entitled to share. *Felch v. Finch,* 52 Iowa, 563; *Bowie v. Berry,* 1 Md. Ch. 452; *Smith v. Addleman,* 5 Blackf. (Ind.) 406; *Fritz v. Tudor,* 64 Ky. 28; *Boyd v. Carlton,* 69 Me. 200 (31 Am. Rep. 268); *Dunseth v. Bank,* 6 Ohio, 77; *Quick v. Brenner,* 101 Ind. 230; *Price v. Hobbs,* 47 Md. 359; *Butler v. Fitzgerald,* 43 Neb. 192 (61 N. W. 640, 27 L. R. A.

252, 47 Am. St. Rep. 741); *Thornburn v. Doscher* (C. C.) 32 Fed. 810; *Allen v. McCoy,* 8 Ohio, 418; *Thompson v. Morrow,* 5 Serg. & R. (Pa.) 289 (9 Am. Dec. 358); *Powell v. Monson,* 3 Mason, 347, Fed. Cas. No. 11,356; *Carter v. Parker,* 28 Me. 509.

The effect of the decree in the case at bar is to deprive the wife of the benefit of this rule, and to withhold from her, when her right of dower becomes consummate, all right to share in the increased value of the land, no matter how great or how produced. None of the cases cited by the appellee, and, so far as we have been able to discover, none of the reported decisions, go to that extent. The one which comes nearest to the case at bar is perhaps *Bradford v. Smith, supra,* but even there the court, as we have seen, was careful to reserve to the wife the right, when her dower should become vested, to elect whether to accept the money deposited by the grantee of her husband, or to insist upon her right to her distributive share in the land itself. Indeed the practice which has obtained of permitting the purchaser to retain a proportionate share of the purchase price, where the wife of his grantor refuses to convey, or of depositing such share in court, subject to appropriate conditions, is intended for the protection of the purchaser himself, and not of the wife, who, ordinarily at least, requires no protection in this respect, other than such as is afforded by the statute itself and the remedy which our Code of Practice provides for the assignment of dower. In other words, the purchase money is withheld by the grantee to secure him to that extent, should his title to the one-third part of the land ever be divested by the death of the grantor in the lifetime of the wife.

Without pursuing the discussion further, our conclusions may be summarized as follows: (1) The wife's inchoate right of dower attaches to the land of which her husband has been seised at any time during the existence

of the marriage relation, and she can not be divested of such right for the benefit of her husband's grantee, except by her own voluntary relinquishment, or by some act or conduct on her part by which she is equitably estopped to assert it; and (2) that, if for the protection of the grantee of the husband a proportionate share of the purchase price of the land is decreed to be deposited to await the event of an outstanding inchoate right of dower, it is not within the province of a court of equity to make such deposit operate as an extinguishment of such right, or to provide that upon such deposit being made the purchaser's title shall be quieted against the wife. It follows of necessity from what we have said that, so far as it affects the issue between the plaintiff and the defendant Thomas Butler, the decree of the district court must be affirmed, but, in so far as it affects the inchoate right of dower of the defendant Elizabeth Butler, it must be reversed.

*Affirmed* in part. *Reversed* in part.