## Bradley, et al. v. Ellingsworth.

(Decided February 8, 1924.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Curtesy—Actual Income and Rental Value as Evidence of Value of Real Estate.—In action by husband of deceased for assignment of dower, the fact that in one or two years a farm, not alloted to the husband, produced only about $300.00 net income when its rental value was $800.00 a year, was immaterial, and the rental value was material only as it bore upon the value of the land, as Ky. Stats., section 2132, contemplates that surviving husband or wife shall be alloted one-third of the land, estimated according to quality, and value.

2. Curtesy—Evidence Held to Support Commissioners' Report as to Value of Land.—In husband's action for assignment of dower in his wife's real estate, evidence held to support commissioners' report as to the values of the several parcels of real estate owned by decedent.

3. Curtesy—Not Error to Allot Whole out of City Property.—In action by husband for assignment of dower in wife's real estate, it was not error to allot the whole of the dower out of city property, to the exclusion of farm lands, when not held by different devisees or purchasers, in view of Ky. Stats., section 2141.

J. L. RICHARDSON and H. M. PECKINPAUGH for appellants.

EDWARDS, OGDEN & PEAK, and EDWARD BLOOMFIELD for appellee.

Opinion of the Court by Judge Clarke—Affirming.

Mrs. Pauline Ellingsworth died, testate, the owner of four parcels of real estate in Louisville, and a farm of 111 acres in Jefferson county. Her husband, the appellee, R. O. Ellingsworth, having renounced the will and filed this action for assignment of dower in her real estate, was allotted, by the commissioners appointed for the purpose, three of the parcels situated in Louisville. Exceptions were filed by the devisees to the commissioners' report, which was confirmed, and from that order they are appealing.

The property allotted to appellee was valued by the commissioners at $11,000.00, and the whole of decedent's real estate at $33,000.00. The first complaint is, that the farm, although worth only $11,000.00, was valued by the commissioners at $20,500.00, and that as a result appellee received approximately one-half of the real estate instead of one-third, as provided by section 2132, Kentucky Statutes.

In support of this contention appellants introduced, upon the trial of their exceptions to the commissioners' report, four witnesses who testified the farm was worth only about $11,000.00, and that in each of the two years next before the allotment produced only about $300.00 net income. But appellee introduced some seven or eight witnesses, fully as well qualified to testify about the matter, who placed the value of the farm at about $20,000.00, and its reasonable rental value at $800.00 per annum.

The fact that in one or two years the farm as operated produced only about $300.00 net income, when its rental value was $800.00 a year and it could have been rented for that amount, is wholly unimportant. Nor is the evidence of rental value important except as it bears upon the value of the land, since the statute (2132) clearly contemplates and has always been construed to mean, that the surviving husband or wife shall be allotted one-third of the land of the deceased spouse, estimated according to quantity, quality and value. Fritz v. Tudor, 1 Bush 28; Taylor v. Lusk, 7 J. J. Mar. 636; Lawson v. Morton, 6 Dana 471; Pepper v. Thomas, 85 Ky. 539, 4 S. W. 297; Hoskins v. Crabtree, 103 Ky. 117, 44 S. W. 434; Hogg v. Hensley, 100 Ky. 725, 39 S. W. 247.

The decided weight of the evidence, therefore, supports the commissioners' report as to the values of the several parcels of real estate owned by decedent, and that

the portion allotted appellee as dower is one-third in value of the whole. Hence the court did not err in overruling this objection thereto.

The only other complaint is, that as a matter of law it was error to allot the whole of the dower out of city property to the exclusion of the farm lands.

It was the rule at common law to assign dower in each of several tracts owned by the decedent, but this rule was abrogated in this state by statute enacted in 1835, which, as since modified, is section 2141 of the present statutes, and reads:

> "Where the lands are not severally held by different devisees or purchasers, it shall not be necessary to assign dower out of each separate portion, but an equitable allotment may be made in one or more parcels in lieu of the whole."

That the lands involved here were not severally held by different devisees or purchasers is apparent from the record, hence this section of the statutes is applicable. Wiley v. Wiley, 178 Ky. 501, 199 S. W. 47.

The case of Wood, etc. v. Lee, 5 T. B. Mon. 50, was decided in 1827, and before the abrogation by statute of the common law rule, and does not, therefore, as contended for appellants, sustain their contention.

Wherefore the judgment is affirmed.