Judge Ewing
delivered the opinion of the Court.
The County Court of Green, on the motion Smith, the widow of John M. Smith, deceased, appointed commissioners to allot to her, dower in the real estate of her deceased husband.
At a subsequent term, the commissioners made their report to the Court, in which they state that said Smith died possessed of five hundred and fifty-seven acres of land, on which there was a grist and saw mill, and that they had assigned to the widow, by metes and bounds, given in their report, two hundred acres of land, including the mansion house, it being a full third part of the value of said premises in quantity and quality. The widow objected to the report, and the Court refused to admit it to record, but quashed the same. To which the counsel for the heirs of Smith excepted, and they have brought the case to this Court.
It does not appear in the record whether any evidence *180 was heard by the County Court, extraneous the report, or whether the report contained the whole evidence before them. We cannot, therefore, say that the County Court erred, in rejecting the report. They may have had sufficient reasons to reject it, which do not appear to this Court.
To make an allotment of dower just, a joint right may, in some cases, be assigned,—as a certain interest in a mill.
But the report itself does not show how much improved land, or whether any, was embraced, in the part assigned to the widow. But it shows that there was a saw and grist mill, on that portion of the tract which fell to the heirs.
Though we do not admit that when there is a mill and other improvements upon the same tract of land, that it would be the indispensable duty of the commissioners to assign to her the third toll dish, or the whole mills every third month, third six months, or third year, as would be the case in an estate which is indivisable, as mills only, yet we are satisfied it would not be proper to allot the whole mills to the heirs, and waste land to the widow, making up, by the addition of quantity, her part equivolent, in freehold value, to the one-third of the whole tract. Such an allotment would appear at first blush manifestly unjust. She might thus be left in a dependent condition, without the means of support, while the heirs are permitted to enjoy the productive portion of the estate.
Neither would it be proper, though the part allotted her might contain the mansion house alone, or even a small or unproductive improvement, to assign it to her, making up her third by an addition, in quantity, of waste land.
Regard should be had not only to the value of the estate, but also to the annual productiveness of the several parcels, and equal justice, in both respects, done to the widow and the heirs, as near as may be.
And if this cannot be accomplished by assigning a separate and distict parcel to the widow, including the mansion house, then should a certain interest in the mills be assigned her, as a third, fourth, fifth or sixth, so as to make her third not only equal in value as to soil, but, in annual issues or profits, to onethird, as near as may be reasonably accomplished.
*181 As it does not appear from the report, or other testimony exhibited in the record, that both the foregoing objects have been attended to, we cannot say that the County Court erred in rejecting the report.
Judgment affirmed, with costs.