CASE 67—PETITION—MAY 5.

## Pepper, &c., v. Thomas.

APPEAL FROM SCOTT CIRCUIT COURT.

85  539
100  723

85  539
e111  306

1. WHERE ONE HAS PURCHASED LAND SUBJECT TO THE CONTINGENT RIGHT OF DOWER in the grantor's wife, and has paid less than its fair value by reason of such contingent claim, he will not be permitted to deny the existence of the dower right.

2. A CONVEYANCE OR DEVISE "BY WAY OF JOINTURE" within the meaning of sec. 6, art. 4, chapter 52 of the General Statutes, is a conveyance or devise of an estate to the wife *intended* by the husband to be in *lieu of dower*. This intention must appear either expressly or by implication; the bar does not arise by operation of law.

   *Where the grantor or devisor has conveyed with covenant of general warranty* to the party against whom the widow is claiming, and she is in possession of an estate from her husband worth more than the dower claim, the law rejects her claim, thus avoiding circuity of action; but as there was in this case no warranty of title by the husband, and his estate will not be liable to his vendee if dower be recovered, the law will not imply that estate devised to the wife was by way of jointure or in lieu of dower, and the widow's claim is allowed.

3. IN ALLOTTING DOWER in land which has been sold by the husband, the

land must be considered in the same condition it was in when alien-
iated by the husband, and without amelioration or deterioration arising
from the acts of the purchaser.

4. PARTNERSHIP REALTY.—If real property be purchased with partner-
ship means and used for partnership purposes, it is treated in equity·
as held by the partners in trust for the firm, subject to the same rules.
as apply to partnership personal property, and liable to the debts of
the firm and the claims of the partners *inter se*. And this is so·
whether the title be vested in one or all the members of the firm. In
this case, however, it is not necessary to decide whether the property
in which dower is sought was impressed with that character.

5. CLERICAL MISPRISION.—Judgment allotting dower in an entire tract
of land described in the petition, when plaintiff was entitled to
dower in only one-third of it, which was all the petition claimed, was
the act of the court, although inadvertent, and after the expiration of·
the term the court had no power to set it aside.

W. LINDSAY FOR APPELLANT.

1. The land in which dower is sought was partnership property. The
fact that one tract was conveyed to the two partners by name does
not militate against this conclusion. (Spalding v. Wilson & Muir, 80·
Ky., 591; Parsons on Partnership, 363; Bowler, &c., v. Blair, MS.
Op., Mar., 1885.)

2. Appellee was entitled, as dower, to only one-*sixth* of each of the two·
tracts and not to one-*third*.

3. The court should have directed the commissioner, in allotting dower, to·
consider the land in the same condition it was in when purchased by
appellants.

4. There is nothing in the deeds to appellants that estops them from
resisting the claim of appellee to dower.

5. The appellee, by accepting the devise of all her husband's estate, sur-
rendered her claim to dower in lands held by her husband during the
coverture, but which he sold and conveyed before his death. (Grider
v. Eubanks, 12 Bush, 510; Vance v. Campbell, 1 Dana, 229; General
Statutes, chap. 52, art. 4, sec. 6.)

GEO. C. DRANE FOR APPELLEE.

1. The action of the court in allotting to appellee dower.in one-*third* of
the land instead of one-*sixth*, as claimed by her in her petition, was a
clerical misprision. (Speed v. Hahn, 1 Mon., 18; Smith v. Todd, 3 J.
J. Mar., 298; Wilson v. Barnes, 13 B. Mon., 332; Clark v. Finnell,.
16 B. M., 334; Johnson v. Bank of Kentucky, 2 Duv., 521; Dodd v.
Combs, &c., 3 Met., 28; Hieronymus v. Mayhall, 1 Bush, 510; Long
v. Gaines, Berry & Co.. 4 Bush, 353; Smith v. Mullins, 3 Met., 182;

Pepper, &c., v. Thomas.

Oldham v. Brannon, 2 Met., 302; Cin. Ham. R. R. v. Day., Mich. R. R., 2 Duv., 4.)

2. While the commissioner, in allotting dower, should consider the land in the same condition it was in when alienated (Fritz v. Tudor, 1 Bush, 30), it is not necessary that the court should give him specific directions to do so. (Taylor v. Brodrick, 1 Dana, 348.)

3. The question as to whether the land in which dower is sought was partnership property is *res adjudicata*. The judgment in the proceeding under the deed of assignment is conclusive against the creditors as to all questions they might have made, and appellants as purchasers under that judgment are in no better condition. (Davis v. McCorkle, 14 Bush, 115.)

4. Appellee did not, by accepting the devise of·her husband, surrender her right to dower in the land in contest. The *intention* of the husband determines whether the gift or devise is *by way of jointure*, or in lieu or satisfaction of dower. (Yancey v. Smith, 2 Met., 410; Tevis' Executors v. McCreary, 3 Met., 153.)

5. Appellants, having purchased subject to appellee's right of dower, are estopped to resist her claim.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The right of the appellee, Eliza Thomas, as the widow of Alexander Thomas, to dower in two tracts of land which were conveyed jointly to her husband and G. F. Thomas, is denied, first, upon the ground that the grantees held it as partnership property, and conveyed it to a trustee for the payment of their debts; and second, because her husband devised to her a considerable estate, both real and personal, the former amounting in value to more than this dower claim, and which affords her a competent livelihood.

It appears that prior to May 19, 1862, her husband and G. F. Thomas were, as partners, largely engaged in farming, buying and selling stock, and transacting whatever was necessary to such business. The answer avers that they owned the two tracts of land in which she now claims dower as partners, and used it for their partnership purposes. This is denied, it being asserted upon her part that they were merely joint-owners.

If real property be purchased with partnership means and used for partnership purposes, it is treated in equity as held by the partners in trust for the firm, subject to the same rules as apply to partnership personal property, and liable to the debts of the firm and the claims of the partners *inter se.* This is so, whether the title be vested in one or all of the members of a firm.

It does not satisfactorily appear, however, that this character had been impressed in any way upon this land. There is no oral testimony upon this subject, and the wording of the deeds and form of the notes, which were executed for the deferred payments, leave it a matter of doubt whether the purchase was by G. F. and A. Thomas as partners, or merely as joint-owners.

It appears, however, that Robert Lee, through whom the appellants, Pepper and Laughlin, derive title, purchased the land subject to the appellee's potential right of dower. In fact, the appellant, Pepper, simply stepped in and took the bid of Lee as to so much of the land as the former obtained.

G. F. and A. Thomas became involved, and in 1862 made an assignment of all their property, much of which was undoubtedly held by them as partners, to trustees for the payment of their debts. The deed was a joint one, but executed in their individual names. It conveyed, among other property, the land in which the appellee now claims dower, her husband having died in 1883. In it her right to dower was expressly recognized, and the land conveyed subject to it. The trustees under the deed brought an action to sell the trust

property and to settle the trust.  The petition recognized and admitted the contingent right of the appellee to dower, and asked that its value be ascertained and paid to her in order that a purchaser might obtain a perfect title.  A judgment of sale was obtained, which also .recognized her right, and authorized the master to ascertain the value of it and to agree to pay her, if she would release her claim.  This was not done, however ; and no agreement having been made with her, the land was sold and bid ·in by Lee, *subject to her dower right ;* and the master in his report says that the price of the land was materially affected by its sale subject to her· claim and that of the wife of G. F. Thomas.

It is urged that the commissioner's deeds to Pepper and Lee provided that the contingent right of dower of the appellee was not to be affected thereby, *if any existed ;* that the proceedings above-named could not enlarge her right, and that the question is yet open to investigation.

The purchasers, however, are affected and bound by those proceedings ; and they purchased the land subject to her contingent right of dower.  It appears they did so at less than its fair value by reason of such contingent claim ; and after doing so, they will not now be permitted to deny its then existence.

The distinguished counsel for the appellants contends, however, that the admitted fact that the appellee took as devisee, and as such is now in the enjoyment of her husband's estate, the landed portion of which was worth more than this claim to dower, is a bar to its assertion.

Section 6, article 4, chapter 52 of the General Statutes, provides : "A conveyance or devise of real or personal estate, *by way of jointure*, may bar the wife's dower; but if made before marriage, without her consent, or during her infancy, or after marriage, she may, within twelve months after her husband's death, waive the jointure by written relinquishment, acknowledged or proved before and left with the clerk of the county court, and have her dower. When she so demands and receives her dower, the estate conveyed or devised in lieu thereof shall determine and revert to the heirs or representatives of the grantor or devisor."

The term "*jointure*," as above used, means such an estate as may be conveyed or devised to the wife *in lieu of dower*. It must be in satisfaction of it; and if transferred to her without any intention or purpose that it shall be so, it does not operate to bar her claim. If, however, the grantor or devisor intends the estate conveyed or devised as in lieu of dower, then it is a jointure, and so operates. The bar arises not by operation of law, but from the express or implied intention of the husband. (Bacon's Abridgment, vol. 3, p. 230; Yancy v. Smith, 2 Met., 408; Tevis' Executors v. McCreary, &c., 3 Met., 151.)

In the case now before us, it is merely averred that the estate was devised to her, and that she is in the enjoyment of it. The land was conveyed to the trustees subject to her contingent right of dower. It is not like a case where the grantor or devisor has conveyed to the party against whom the widow is claiming with covenant of general warranty, and she is in

possession of an estate by devise from her husband worth more than the dower claim. In such a case the law rejects her claim, thus avoiding circuity of action.

Here, however, there was no warranty of title by the husband ; and where his estate will not be liable to his vendee if dower be recovered, the law will not imply that the estate granted or devised to the wife was by way of jointure or in lieu of dower. Moreover, after the purchase by Lee, Alexander Thomas was discharged as a bankrupt from all his then existing liabilities. Lee neither purchased nor paid for the wife's contingent right of dower. The husband knew this ; and there was no legal or moral reason why he should take it from her and give it to Lee. In such a case, an intention to do so by way of jointure can not be presumed.

The judgment, however, gives her dower in all the land, when she was only entitled to it in one-half of it, because only that much belonged to her husband. Indeed, this is all the petition claims. Evidently, this occurred through inadvertence ; but yet it was the act of the court. It fixed the rights of the parties, and was of a final character, because it directed the commissioner to allot the dower in conformity to it. It appears that at a subsequent term the court, upon notice and at the instance of the appellee, corrected it, and allowed her dower in but one-half of the land · but even if the court had the power to do this, yet before it was done this appeal had been taken.

The judgment was also erroneous in another respect and whether this portion of it was of a final character or not, yet, as the case must go back for further proceedings, it is proper that we should notice it.

The master was directed in allotting the dower to ascertain the value of the land, and then deduct from it what the purchase money liens amounted to when the land was sold to Lee ; and to then allot as dower so much of the land "as is of the value of one-third of the remainder." As already said, the direction to allot one-third in value of all of the land, less the liens, was erroneous, because she was only entitled to one-sixth; but the basis of allotment was otherwise erroneous. The master was directed to ascertain the then value of the land, when it should have been its value at the time of the sale to Lee.

The value of any permanent improvements, which the purchaser or his vendee may have made, cannot be taken into the estimate. The land must be considered in the same condition as it was in when it was alienated by the husband, and without amelioration or deterioration arising from the acts of the purchaser. The statute says : "Whether the recovery is against the heir or devisee or purchaser from the husband, the wife shall be endowed according to the value of the estate when received by the heir, devisee or purchaser, so as not to include in the estimated value any permanent improvements he has made on the land." (General Statutes, chapter 52, article 4, section 9.)

The commissioner should be directed to ascertain the value of the land when it was purchased by Lee ; then deduct from it the purchase money then owing for it ; and then allot to the appellee as dower so much of the land as is of the value of one-sixth of the remainder.

The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.