CASE 98—PETITION EQUITY—FEBRUARY 20.

## Hogg v. Hensley, &c.

APPEAL FROM OWSLEY CIRCUIT COURT.

1. DOWER—HOW ALLOWED IN CERTAIN LANDS.—When the lands of a debtor in which his wife has a dower interest, are sold in his life time to satisfy a judgment against him, in a suit by his widow against the purchaser for the value of her dower, it is in the sound discretion of the chancellor, the lands not being susceptible of advantageous division, to allow her a stated portion of the rents, or a gross sum in lieu of dower computed in accordance with the life tables.

And she is entitled to a personal judgment against the purchaser for the amount ascertained to be the value of the dower, and to have the same made a charge upon the land.

2. INTEREST—WHEN COMPUTED FROM.—In such a suit the widow is entitled to interest on the value of her dower, if it is allowed in a gross sum, from the date of the filing of her suit, and not from the date of her husband's death.

E. E. HOGG FOR APPELLANT.

1. By an agreed judgment in the record it is shown that appellee, Lucinda Hensley, received from appellant $118.15 for her dower interest, and that same was paid and a deed made therefor under order of the court. Therefore, this suit should have been dismissed.

2. In no event should the court fix the value of the dower and allow it in a gross sum, except by agreement of parties. The land being indivisible, the rental value of the whole at the date of sale should have been ascertained and appellee given one-third of the rents from the date of the institution of her suit. But if the dower was properly allowed in a gross sum, she was only entitled to interest thereon from the time her suit was filed and not from the date of her husband's death. (Lee v. James, 81 Ky., 443; Liederkranz Society v. Beck, 8 Bush, 579; Lee v. Campbell, 8 Ky. L. R., 421; Pepper v. Thomas, 85 Ky., 539.)

HOLT & HOLT FOR APPELLEE.

1. The so-called "agreed judgment" is not a part of the record and never was as shown by the exhibit filed by appellees.

2. The land being indivisible, the court could allot the value of the dower in cash. (4 Bush, 148; 7 Bush, 55.)

3. The wife's interest in the property begins at the death of her husband, and if the value of her dower be allotted in a gross sum, why should it not bear interest from the date of his death?

J. M. SEBASTIAN ON SAME SIDE.

(Brief not in the record.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee, Lucinda Hensley, as widow of H. P. Hensley, who was owner in fee simple of certain lots described in the petition, brought suit for her dower therein. These lots were sold during the life of her hus-

band to satisfy a judgment against him, and appellant became the purchaser. Appellant has improved the property, and it is conceded by appellee that the value of her dower should be computed as of the date of the sale. The property was sold in 1866; Mr. Hensley died in 1879, and this suit was filed in 1883. The present appeal was not taken until May 25, 1895, from a judgment rendered in June, 1893. The judgment provides that appellee should recover of appellant dower in money value of $91.36, with interest from July 9, 1879, the date of her husband's death, with a lien upon the property for its payment.

The appellant contends that the court could not fix appellee's dower at a cash value, except by mutual consent, and that she was only entitled to interest from the institution of her suit, and not from the date of her husband's death. By the judgment the value of appellee's dower was not only given her; but she was also given a lien on the property. In her petition she prayed that the value of her dower interest be ascertained and paid her in money, admitting in one of the pleadings that she could only have the value estimated as of the date at which the property was sold under execution in 1866.

It is also admitted in the pleadings of both parties, and in appellant's brief, that the property in which the appellee claims dower can not be divided without impairing its value. The judgment provided for a sale of so much of the land as might be necessary to pay the estimated value of her dower.

The chief contention of appellant is, as has been stated, that appellee is not entitled to interest on the lump sum awarded her as dower from the date of her husband's death; and it is also insisted that the court can not, except by agreement, fix the dower by cash valuation giving interest thereon from the death of the husband and require the vendee of the property to pay the sum thus fixed as a charge upon the land.

Section 2138 of the Kentucky Statutes, which is the same in this respect as the General Statutes, providing for the widow's occupancy of the mansion house, and that she shall have one-third of the rents of her husband's dowable real estate from the time of his death, applies to cases where there is to be an allotment of dower by metes and bounds or otherwise out of lands owned and possessed by him at the time of his death. Section 2139 provides that the wife has dower according to the value of the estate when received by the heirs, devisee or purchaser, so as not to include in the estimated value any permanent improvement he has made on the lands against the heir or devisee or the alienee of the husband. The wife's claim for rent shall not exceed five years, but in an action against a purchaser from the husband it shall only be from the commencement of the action, and in every case it shall continue up to final recovery. This applies to the case of an allotment of dower out of lands in the possession of the heir, devisee or an alienee of the husband, and not to a case where the value of dower is allowed her out of the proceeds of a sale of the property, or a

gross sum allowed her as the value of and in lieu of
dower.   In logical sequence the first question is
whether the value of the dower may be allowed as a
gross sum and the second, at what time interest begins
to run thereon; it being conceded that the rule is to
allow the widow dower in lands sold by her husband
or by legal process for his debts, unless a lien existed
thereon for purchase money or prior to the time her
potential right to dower accrued.   (Fritz v. Tudor, 1
Bush, 28; and Pepper v. Thomas, 85 Ky., 539.)

The first question is not free from doubt, if we con-
sider the decisions of other States, as in some of them
the power to so allot dower has been gravely doubted.
But in this State the trend of the decisions has been
otherwise, though the precise point has never been
adjudicated.   In Willett v. Beatty, (12 B. M.), Judge
Hise, in a decretal sale to satisfy an unpaid balance of
purchase money, adjudged that the widow had dower
in the value of the property, after such prior lien was
satisfied, computed the proportion of the rent of the
whole property which she should have at her election
in lieu of dower by metes and bounds, and made the
same a charge upon the property. (A. & E. Enc., 5, 927.)

In third Dana, 373, Steven's Heirs v. Stevens, it was
held that where the husband died seized of a ferry, the
widow is to be endowed of one-third of the profits, or
of its use, because a ferry, being an incorporeal heredi-
tament, is indivisible.   So in Smith's Heirs v. Smith
(The Widow); (5 Dana, 179); it was held of a mill in an
opinion by Judge Ewing that the widow should have

her share of the profits or of the use, it being indivisible. In Taylor v. Lusk (7 J. J. M., 639); it was held not error to make the widow's share equal by decreeing her an allowance in money; and in 7 Bush, 55; in the case of Rich v. Rich, this court, through Judge Hardin, said "As to dower, it being ascertained to be impracticable to so divide the property as to allot dower to the appellants in the usual mode, and the devisees of the property not resisting a recovery against them for the then present value of such estate as the appellant might have in the property . . . the court, on a basis of a commissioner's report, estimating the value of the property and the probable life of appellant, adjudged, as we think correctly, that she recover $447.60 in lieu of her dower." So in the case at bar, it was ascertained to be impracticable to so divide the property as to allot dower to the appellant in the usual way by metes and bounds, and the vendee of the property did not anywhere in his pleadings resist the award of a gross sum as the value of the widow's dower. He resisted, it is true, the allotment or allowance of any dower, but made no objection to the mode of ascertainment prayed for in the petition. And even without such acquiescence, we think it lay in the sound discretion of the chancellor, the property being admitted to be indivisible, to allow her a stated portion of the rents or a gross sum in lieu of dower computed in accordance with the life-tables. Having a joint interest with the vendee in the property, and it being indivisible, she would have been entitled under the

Code to a decree of sale and a division of the proceeds.

But in the allowance of interest we think the trial court erred. By analogy to the recovery of rents allowed by the statutes, section 2139, interest upon the sum allowed her should have commenced against the vendee at the beginning of the suit. We see no good reason for departing, in the allowance of interest upon a gross sum in lieu of dower, from the rule fixed by the statute in limitation of the widow's right to recover rents against a vendee.

The rule for estimating the value of the widow's dower is correctly stated in Fritz v. Tudor, 1 Bush, 29. It was there said, Judge Robertson delivering the opinion, "Both principle and authority prescribe the value of the use at the time of the allotment, considering the land in the same condition it was in when alienated, without amelioration or deterioration, resulting from the acts of the purchaser." The court in that case held that the common law rule had not been essentially changed by the Revised Statutes. The adjustment should be made under this rule, and interest allowed from the date of the suit.

It was not error to award a personal judgment for the amount ascertained to be the value of the dower. The vendee was holding land in which she had an interest, and in the Rich case, *supra*, a personal judgment was awarded, and in many other cases personal judgment has been given in this State for the widow's third of the rents.

Neither was it error to make the award a charge

upon the property by the judgment.    It was already a charge upon the property.

Wherefore, the cause is reversed and remanded with directions to set aside the judgment for further proceedings consistent with this opinion.