## Carver v. Elmore, et al.

(Decided March 16, 1912.)

## Appeal from Barren Circuit Court.

Lands—Homestead and Dower Rights—Election to Take Homestead— Forfeiture of Dower.—Where a widow failed from the death of her husband, in 1877, to 1893, when she conveyed the property, to ask to have dower assigned her in it, it is presumed that she elected to take a homestead interest, and having but a homestead interest, by her sale and conveyance, she forfeited or lost this right, and the heirs at law of her husband, as soon as the homestead right of the widow was lost to her, were entitled to the possession thereof, for she having a right to the use of the property only so long as she chose to exercise it, her sale of it being an abandonment of this right, her purchaser acquired nothing by reason of his purchase.

PORTER & SANDIDGE and BAIRD & RICHARDSON for appellant.

C. H. HATCHETT for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

John S. Elmore, a resident of Barren County, Kentucky, died in August, 1877, the owner of about sixty acres of land in that county. He left surviving him a wife and seven children. No dower or homestead was ever set apart to the widow. They, or at least a part of them continued to occupy the farm until 1893, when the widow conveyed the same to W. H. Carver by deed of general warranty. Following her conveyance the widow remained on the land for some years. The proof is not explicit upon this point, but it is apparent that she did not leave the place until somewhere between 1903 and 1906. In September, 1910, the children of John S. Elmore brought a suit against W. H. Carver, the purchaser, and their mother, Eliza J. Elmore, in which they sought to recover said land, together with damages for its reasonable rent and certain waste committed by Carver thereon, and in addition alleged that it was indivisible, and sought to have it sold and the proceeds divided among them. They alleged that it was of less value than $1,000. Carver defended, claimed title in himself, and pleaded the fifteen years statute of limitation as a bar to plaintiffs' right to recover. In avoidance of the plea

of limitation the plaintiffs alleged that Gus Elmore, the youngest child of John S. Elmore, on the date upon which his mother deeded the land to defendant, was a minor, under twenty-one years of age, and that the statute did not begin to run as to him until he had reached his majority. They further pleaded that defendant, by his statements and representations to the effect that he had only bought and was claiming the life interest of the widow in said land, had prevented them from sooner proceeding to recover same, and that therefore he was estopped from now asserting that he had a greater interest. The case was prepared for trial upon these issues, and upon final hearing the chancellor found in favor of the plaintiffs. The defendant appeals.

It is conceded that the property in question was that of John S. Elmore, and as his wife failed for so great a number of years to ask to have dower assigned to her in this property, it is presumed, and conclusively so, that she elected to take a homestead interest therein; and, having but a homestead interest, by her sale and conveyance to appellant she forfeited or lost this right (Freeman v. Mills, 19 Rep., 316), and the heirs-at-law of her husband, as soon as the homestead right in the widow was lost to her, were entitled to the possession thereof, for she, having a right to the use of this property only so long as she chose to exercise it, and her sale of it being an abandonment of this right, her purchaser, the appellant, acquired nothing by reason of his purchase. Freeman v. Mills, 22 Rep., 859. Hence, any rights that appellant has in the property accrued to him by virtue of the adverse holding set up and relied upon in the pleadings.

The deed was acquired by him in 1893, and the evidence shows that he took possession of the tillable part of the land at that time. The widow remained in possession of the house and grounds appurtenant thereto for some ten years or more after she conveyed to him. For her children, the heirs-at-law of her deceased husband, it is argued that, inasmuch as she remained upon the land, appellant's holding was not adverse. This position, however, is untenable, for the reason that, having conveyed to him such interest in the land as she owned, she must be regarded as having occupied the land from that time on as his tenant, and her holding was for his benefit. There is much evidence in the record to the effect that appellant did not claim to have purchased the

fee but only the life interest of the widow in this land, and so if by giving out in his conversations that he was claiming only a life interest he lulled the heirs-at-law, the owners of the fee, into inaction, he may not now to their prejudice claim that his holding was adverse to them. They recognized in their mother a right to the use of the property during her life. When viewed in this light, it is not at all difficult to understand why they did not sooner assert their claim. The evidence to the effect that appellant was only claiming a right to the use of this property during the life of the widow is clear and convincing. In fact, there is abundant evidence to the effect that appellant was making statements of this character even after this litigation was commenced, and was upbraiding one of the heirs for having sued him to re-. cover the property.

There was an effort made to show that one of the children was, at the date of the conveyance by the widow to appellant, under twenty-one years of age, and that at the date of the institution of this suit fifteen years from the date of his majority had not elapsed. But we deem it unnecessary to enter upon a consideration of this phase of the case. The appellees were ignorant, unlettered people, and gave full faith and credit to the statements made by appellant to the effect that he was claiming only the widow's life interest in the property. The fact that, according to his own testimony, he paid but $150 for it is a circumstance strongly supporting the contention of appellee that he was claiming to have purchased only a life estate, for the fee at that time was worth from $600 to $1,000.

Since he took nothing under his deed and has not held it adversely for such length of time as would give him title, the chancellor correctly held that appellees were the owners of and entitled to the immediate possession of the land.

Judgment affirmed.