### Daniels v. Charles.

(Decided November 16, 1916.)

### Appeal from Pike Circuit Court.

1. Mines and Minerals—When Tenant for Life May Operate Mine.—A tenant for life, unless precluded by restraining words, may work a mine that was opened before the creation of the life-estate, even to exhaustion.

2. Mines and Minerals—Dower Right in Mine.—A right to dower exists in mines opened during the husband's lifetime.

3. Mines and Minerals—Unopened Mine—Dower.—There is no dower in unopened mines. A doweress has no right to mine coal from unopened mines, otherwise than as subservient to a comfortable enjoyment of her life estate; a sale for commercial use of coal so mined is an act of waste that lessens the estate of the remainderman, and for that reason is not permissible.

4. Mines and Minerals—Mining by Life Tenant.—Mining by the life tenant for commercial purposes, will be allowed if the former owner of the fee has impressed upon it the character of mining land, by executing an enforceable lease for that purpose prior to the commencement of the life estate, although no mines had been opened thereunder until after the commencement of the life estate.

5. Mines and Minerals—When Widow May Not Lease Mine.—Where a land owner contracted to lease the mining privileges of his land upon conditions that were to be performed within one year, and the conditions were not performed, and the land owner subsequently died without having made a lease, his widow could not make a valid lease for mining privileges pursuant to the expired contract made by her husband in his lifetime, and had no right to open the mines for commercial purposes.

J. J. MOORE, JOHN F. BUTLER and J. S. CLINE for appellant.

P. B. STRATTON and C. M. WHITT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming on original appeal and reversing on cross-appeal.

This is the third appeal of this case. See Charles v. Daniels, 140 Ky. 379, and Daniels v. Charles, 154 Ky.

232, for the former opinions. This appeal presents but a single issue, and it is a new one.

William Daniels died in 1900, leaving thirteen children. He was the owner of eight hundred acres of land in Pike county. His widow, Mary Daniels, the appellant, qualified as administratrix of her husband's estate, and filed this action to settle his estate and sell the land for the payment of debts. At the sale the widow bought the land, and the first appeal was successfully prosecuted for the purpose of setting aside that sale, upon the ground that she, having bought the land while acting as administratrix, held it in trust for her children, and not in her own right.

The case was remanded for the purpose of settling her accounts as administratrix along the lines indicated in the first opinion. The land was divided and dower was allotted to Mary Daniels, as widow.

Subsequently, the widow tendered an amended answer and counterclaim, setting up that she and her husband, in 1898, had leased for a royalty of seven cents per ton, all the coal under the eight-hundred-acre tract, to J. K. Anderson, who had assigned his lease to the Thacker Coal Mining Company, and that under said lease she was entitled to one-third of all the royalties upon coal mined and shipped from the land. The court, however, refused to let the amended answer and counterclaim be filed.

In a settlement made pursuant to the first opinion, it was adjudged that a small sum was due the administratrix, and, upon the second appeal, that judgment was affirmed.

But, in passing upon the ruling rejecting the claim for royalties, this court, in the second opinion, said:

"While it is true that a widow may be endowed in a mine already opened, and it has also been held that where a valid lease was made by the husband in his lifetime, she is entitled to dower in the royalties, this rule applies only in the event the royalties are paid on coal mined from the land of which she is endowed. Priddy v. Griffith, 150 Ill. 560, 41 Am. St. Rep. 397. In the present case no coal has been mined from the dower land. Should any coal be mined there in the future, she may present her claim in an independent action." 154 Ky. 235.

Upon the return of the case to the circuit court after the second appeal, the amended answer and counter-claim was filed, and the widow was permitted to prosecute her claim to the royalties.

In the contract of May 28th, 1898, with Anderson, William Daniels and Mary, his wife, agreed as follows:

"That for and in consideration of one dollar paid in hand, the receipt whereof is hereby acknowledged, the parties of the first part agree to lease all the coal on their land in Pike county, at seven cents per ton royalty, to the party of the second part as soon as title is cleared, and when party of the second part begins work on plant within three months and ships coal in twelve months from date, they, the parties of the first part, will execute to the party of the second part a good and sufficient lease for the coal on above lands with the usual mining privileges thereon."

Later, on March 17th, 1906, Mary Daniels, in her own right and as guardian of her four infant children, attempted to carry out the original contract of 1898, by executing a formal written lease to the Thacker Coal Mining Company, in which she confirmed and ratified the leasing agreement of May 28th, 1898. This lease is the usual mining lease and contained the many provisions which are usually found in such leases.

Upon the trial of the case it appeared that the commissioner had received $774.83 as royalties upon coal that had been mined from the dower tract, and the widow claimed all of it. The chancellor, however, was of opinion that the widow's share of the royalties on the coal mined from the dower tract should be estimated according to the life tables, and that the remainder of the $774.83 belonged to the children of William Daniels. Under this ruling the widow was adjudged slightly more than fifteen per cent., or $116.45, of the $774.83. This was about one-seventh of the royalties received upon coal mined from the dower tract.

The widow appeals, claiming all of the $774.83, while the children prosecute a cross-appeal, claiming that the widow is entitled to none of it.

Stated in general terms, the rule is that a tenant for life, unless precluded by restraining words, may work a mine that was opened before the creation of the life estate. Shoemaker's Appeal, 106 Pa. 302; Swayne v. Lone Acre Oil Co., 98 Tex. 597, 69 L. R. A. 986, 8 A. &

E. Ann. Cas. 1117; Alderson v. Alderson, 46 W. Va. 242; Plymouth v. Archer, 1 Br. Ch. Cas. 159; Veiners v. Vaughan, 2 Beav. 466; Note in 36 L. R. A. (N. S.) 1102.

When not expressly precluded, a life tenant may work a mine opened before the commencement of his estate, even to exhaustion. Sayers v. Hoskinson, 110 Pa. 473; Moore v. Rollins, 45 Me. 493; Gerkins v. Kentucky Salt Co., 100 Ky. 735, 56 Am. St. Rep. 884; cases cited in Note in 36 L. R. A. (N. S.) 1103.

And, the cases are all agreed that a right to dower exists in mines opened during the husband's lifetime. Whittaker v. Lindley, 8 Ky. L. R. 699, 3 S. W. 9; Moore v. Rollins, 45 Me. 495; Coates v. Cheever, 1 Cow. 450; Hendrix v. McBeth, 61 Ind. 473, 28 Am. Rep. 680; Rockwell v. Morgan, 13 N. J. Eq. 384; Billings v. Taylor, 10 Pick. 460. 20 Am. Dec. 533; Crouch v. Puryear, 1 Rand. 258; Higgins Oil & Fuel Co. v. Snow, 51 C. C. A. 267, 113 Fed. 433; Lenfers v. Henke, 73 Ill. 405, 24 Am. Rep. 263; Hook v. Garfield Coal Co., 112 Iowa 210; Keon v. Bartlett, 41 W. Va. 559, 31 L. R. A. 128; Stoughton v. Leigh, 1 Taunt. 402.

But, there is no dower in unopened mines. A doweress has no right to mine coal from unopened mines, or cut timber, otherwise than as subservient to a comfortable enjoyment of her life estate. A sale or commercial use of coal so mined, or timber so cut, is an act of waste and lessens the estate of the remainderman; and, for that reason, is not permissible. Whittaker v. Lindley, *supra;* Kentucky River Con. Coal Co. v. Frazier, 161 Ky. 377; McCoy v. Ferguson, 164 Ky. 136; Marshall v. Mellon, 179 Pa. 371, 35 L. R. A. 816; Note in 36 L. R. A. (N. S.) 1100. See also Seager v. McCabe, 92 Mich. 186, 16 L. R. A. 247, for a good discussion of the question, and Hickman v. Irvine, 3 Dana 121, as to dower in unimproved lands.

The excerpt taken from the former opinion properly recognized the rule that where mines are already opened upon lands assigned as dower, the widow has the right to operate the same and receive the proceeds thereof, but that the widow cannot commit waste upon the land, and that the subsequent opening of coal or other mines thereon, amounts to waste. The exception last stated is as well settled as the rule.

The reason for the general rule applicable to opened mines is that the lands had been devoted to mining pur-

poses by the decedent during his lifetime, and the mode of enjoyment and the source of profit had been fixed and determined by him. In such cases mining is a mere mode of use and enjoyment, fixed by the owner, and to extract the minerals is but to take the accruing profits from the land.

There is, however, this further modification to the general rule: Mining by the life tenant will be allowed if the former owner of the fee has impressed upon it the character of mining land, by executing an enforceable lease for that purpose prior to the commencement of the life estate, although no mines had been opened thereunder until after the commencement of the life estate. Priddy v. Griffith, 150 Ill. 560, 41 Am. St. Rep. 397; Hendrix v. McBeth, 61 Ind. 473, 28 Am. Rep. 680; Keon v. Bartlett, 41 W. Va. 559, 31 L. R. A. 128, 56 Am. St. Rep. 884; Alderson v. Alderson, 46 W. Va. 242.

And, Mrs. Daniels takes refuge under this modification of the rule in support of her claim.

The question for decision, therefore, is this: Was the contract of May 28th, 1898, a valid and enforceable contract at the time Mrs. Daniels made the lease of March 17th, 1906, nearly eight years later. If the contract was enforceable, the case comes within the exception to the general rule last above pointed out, and the widow was entitled to the royalties upon coal mined from the dower tract. But, since the contract of May 28th, 1898, expired by its own terms in twelve months from its date, the subsequent lease executed by Mrs. Daniels on March 17th, 1906, nearly eight years later, in her individual capacity as owner and as guardian of her children, was wholly unauthorized. It was neither the lease of William Daniels, nor made to carry out any enforceable contract made by him. It was subsequently determined by this court that Mary Daniels was not the owner of the property but that she held it in trust for her children. Her husband's contract had expired and was not enforceable; consequently her voluntary act in giving the lease of 1906, placed it precisely in the position as if the contract of 1898 had never been made, and that she, as widow and guardian, was undertaking to open mines which her husband had never opened. See McCoy v. Ferguson, 172 Ky. 235, as to her right, as guardian, to make the contract. These facts bring the case within the general rule and not within the exception.

It follows, therefore, that the judgment of the chancellor was wrong in allowing appellant any portion of the royalties received from the dower tract.

The judgment is affirmed upon the appeal, and reversed upon the cross-appeal, with instructions to enter a judgment in accordance with this opinion.