## Lemaster v. Hudson, et al.

(Decided May 14, 1926.)

## Appeal from Magoffin Circuit Court.

1. Dower.—Consumption of land by producing oil therefrom is not waste precluding recovery of share of royalty by widow entitled to dower therein.

2. Dower—Widow is Entitled to Assignment as Dower of Third of Value of Land, Determined by Every Use for which Adapted, Including Production of Oil (Ky. Stats., Sections 2132, 2138).— Under Ky. Stats., sections 2132, 2138, widow is entitled to have assigned to her as dower third of value, not extent, of decedent's land, as determined by every use for which adapted, including production of oil therefrom.

3. Dower—Widow, Joining with Remaindermen in Making Oil Lease, is Entitled to Share in Royalty.—Widow, joining with remaindermen in lease of land for oil, is entitled to share with them in royalty paid on oil produced, though such lease by her alone would be waste.

4. Dower—Widow's Election to Take Homestead Instead of Dower Cannot be Raised by Demurrer to Petition for Share of Royalty on Oil Pumped from Land.—That widow elected to take homestead rather than dower cannot be raised by demurrer to her petition for share of royalty paid on oil pumped from land, but must be pleaded.

5. Courts—Court of Appeals has Jurisdiction of Proceeding Involving Widow's Dower Right to Share of Royalty on Oil Pumped from Land, Irrespective of Amount in Controversy (Ky. Stats., Supp. 1924, Section 950).—Under Ky. Stats., Supp. 1924, section 950, Court of Appeals has jurisdiction of widow's petition for third of royalty on oil pumped from land in which she is entitled to dower, irrespective of amount in controversy.

J. B. ADAMSON and CALLOWAY HOWARD for appellant.

C. F. KELLY and W. R. PRATER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Mahala Lemaster filed a petition asking for one-third of the royalty that is being paid upon oil that is being pumped from land in which she is entitled to dower. A demurrer was sustained to her petition and she has appealed.

W. W. Conley died intestate in 1904, leaving surviving him his widow, Mahala Conley (now Lemaster), and 12 children, as his heirs at law, to whom there passed his

farm of about 115 acres. After the death of the husband, the widow and remaindermen joined in oil leases on this land, and oil has been found upon it in paying quantities, and royalty has been paid and is being paid to the remaindermen upon the oil that has been pumped from it. By this suit, she is asking for a share in that royalty. The only parties who are contesting her claim are the appellees, who own a portion of the royalties paid on a part of this remainder. She obtained a default judgment against the other remaindermen. The principal question in this case is the right of Mrs. Lemaster as the widow of W. W. Conley to a share in the royalty arising from the extraction of oil from this land. By section 2132 of the Kentucky Statutes, she has an estate for her life in one-third of this land. By section 2138, she is entitled to the house and curtilage, and to one-third of the rents, issues and profits of this land until dower is assigned her, which in this case has never been done. If this oil were being pumped from this land under a lease made by the husband in his lifetime, this question would be of easy solution, for we would have but to refer to the case of Daniels v. Charles, 172 Ky. 238, 189 S. W. 192, and Crane, Guardian v. West, Admr., 191 Ky. 1, 229 S. W. 51.

It is insisted in this case that it would be waste for the widow to produce oil from this land, as it amounts to a consumption of the property. Waste is consumption, but every consumption is not waste. If consumption were waste, then a life tenant would have no right to work a mine opened before the commencement of his life estate, and we know a life tenant has such a right. In the case of Daniels v. Charles, *supra,* we explained that the reason for the rule as applied to opened mines is that the land has been devoted to mining purposes by the decedent during his lifetime, and the mode of enjoyment and source of profits fixed and determined by him.

As no dower has been assigned to the widow in this case, she is entitled to have assigned as her dower one-third of the value of this land, not one-third of its extent. That value is to be determined, not by the use of the surface, but by every use for which the land is adapted, whether it be for cultivation, for mining or the value of the landscape for its beauty.

The widow could not, if the remaindermen did not join her, have leased these premises for oil as that would be waste; but when a life tenant and the remaindermen agree upon a lease of property for oil, then both the life

tenant and the remaindermen are entitled to share in the royalty. Barnes v. Keys, 36 Okla. 6, 127 P. 261, 45 L. R. A. (N. S.) 178; Ann Cas. 1915A 515; Wilson v. Youst, 43 W. Va. 826, 28 S. E. 781, 39 L. R. A. 292; Ammons v. Ammons, 50 W. Va. 390, 40 S. E. 490; Eakin v. Hawkins, 52 W. Va. 124, 43 S. E. 211; Stewart v. Tenant, 52 W. Va. 559, 44 S. E. 223; Strawn, etc. v. Brady, etc., 84 Okl. 66, 202 P. 505; Blakley v. Marshall, 174 Pa. 425, 34 Atl. 564; Parker v. Riley, 39 Sup. Ct. Rep. 405, 63 L. Ed. 847, 250 U. S. 66.

If the widow and remaindermen had agreed upon a sale of ten acres of this land and it had brought $1,500.00, no one would have, for a moment, contended that the widow was entitled to no part of that money, and there is no difference between a sale before assignment of dower of enough of the land to produce $1,500.00 and selling enough of the oil to produce $1,500.00. She is just as much entitled to her part of the money arising from a sale of the oil as she would be to her part of the money arising from the sale of a portion of the land.

In the case of Crane v. West, *supra*, the property had been developed under leases made by the husband during his lifetime, and we held that the widow was entitled to one-third of the royalty. We also intimated in that case that where wells were opened under leases made after the death of the husband, a different rule would prevail, and that different rule, as established in other jurisdictions, and now established here is that the widow is entitled to have one-third of this royalty loaned out and the income therefrom paid to her as long as she lives, or else the value of her life estate in this one-third should be estimated according to the life tables and paid her in money to be hers absolutely. The position of the appellees that the widow is entitled to no interest in this oil is untenable. They can not take this property, pump the oil from beneath it, and then hand her back the farm, like a squeezed lemon, and say to her, "Here, get' your dower out of this."

It is contended by the appellees that the widow in this case elected to take homestead rather than dower; but that question can not be raised by demurrer to her petition. That is a matter that will have to be pleaded, and when that is done it will become a question for determination.

Appellees have made a motion to dismiss this appeal upon the idea that the amount in controversy is not suffi-

cient to give this court jurisdiction; but the question in controversy here is the interest of Mrs. Lemaster in this land—a question of which this court is given jurisdiction by section 950 of our statutes. It follows, therefore, that the appellees' motion to dismiss must be overruled, which is now done.

The judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

The whole court sitting.