## Collins v. Lemaster's Administrator.

(Decided December 17, 1929.)

OVERTON S HOGAN for appellant.

J. B. ADAMSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

W. W. Conley died intestate in the year 1904, survived by his wife, Mahala, and 12 children. He was the owner of a tract of land in Magoffin county. After the death of Conley, his widow and one of the children, who had obtained the rights of others, executed an oil and gas lease upon the property, and oil was produced from it. George Collins owns a royalty interest under that lease. This action was filed by Conley's widow who had again married, seeking to recover a one-third interest in the royalty owned by Collins, as well as in that owned by others. A demurrer was sustained to the petition, and upon a former appeal to this court the judgment was reversed. Lemaster v. Hudson, 214 Ky. 467, 283 S. W. 439. It was determined on the former appeal that the widow was entitled to dower in the oil produced from the premises. The circuit court was directed by the opinion to determine either the present value of the dower interest and adjudge it to the claimant in money, or to have one-third of the royalty loaned out and the income therefrom paid to her while she lived. On the return of the case the circuit court rendered a judgment decreeing to the widow absolutely one-third of the royalty and enjoining the pipe line company from receiving or crediting to the account of Collins any greater portion of his royalty than two-thirds, and requiring it to credit the other one-third to Mahala Lemaster. On this appeal by Collins many questions argued on the previous appeal are reargued, but, since there was no change in the issue or the facts, the former opinion is the law of the case, and it was the duty of the court to follow it. Briggs v. Davis, 216 Ky. 93, 287 S. W. 362.

It is settled that the widow and remaindermen may join in an oil and gas lease and agree orally or in writing how the royalties are to be apportioned among them. Meredith v. Meredith, 193 Ky. 192, 235 S. W. 757. In the absence of such an agreement, the apportionment must be made according to law. Sections 2132-2138, Ky. Stats.; Crain v. West, 191 Ky. 1, 229 S. W. 51. It has

been determined that, where oil wells have been opened in the lifetime of the owner, or, after his death, by his lessees pursuant to his valid contract, or under a power conferred by his will, the royalties therefrom are profits or rents arising from the use to which the husband had devoted the land and the wife was entitled to a one-third as dower under the statute. Daniels v. Charles, 172 Ky. 241, 189 S. W. 192; Eager's Gdn. v. Pollard, 194 Ky. 276, 239 S. W. 39, 43 A. L. R. 808. But where the mines are opened by the widow and remainderman after the death of the owner, who left no will or contract controlling the matter, or by a lessee of the widow and heirs in their own right alone, a different rule applies, and the dower is calculated upon the same basis as it is when real estate so held is sold. Williamson v. Williamson, 223 Ky. 589, 4 S. W. (2d) 392; Lemaster v. Hudson, 214 Ky. 467, 283 S. W. 439. In cases of that character the widow is entitled only to a life estate in one-third of the accruing royalties. It is insisted, nevertheless, that the widow is entitled to one-third of the royalty until dower is assigned to her. Cf. McIntire's Adm'r v. Bond, 227 Ky. 607, 13 S. W. (2d) 772. When the widow and remainderman join in an oil and gas lease, as here, it is equivalent to an assignment of dower to the widow in the severed minerals, and her right to share in the royalties under a lease so executed vested upon the discovery and production of the mineral. If the basis of her enjoyment was not fixed by the contract, it must be ascertained according to law. The reason the wife is entitled to one-third of the income until dower is assigned her is that her estate in the particular property is not created until that time; but when a dowress joins the holders of the title in remainder, in making a severance of the mineral and providing for its production, her estate therein is then created. In the case of Consolidation Coal Co. v. Grayson, 186 Ky. 314, 216 S. W. 848, the widow was not assigned dower in her husband's property, and she undertook to mortgage her unassigned dower to strangers to the title. It was held that she could not do so, but, since the appellant had acquired the remainder interests from the heirs at law, subject to the widow's dower, it thereupon became owner in privity of the estate from which the dower accrued, and could acquire it from the dowress. After the severance of the mineral estate and the fixing of the rights of the doweress therein, the as-

signment of dower in the surface was immaterial in so far as the mineral rights were concerned.

The circuit court should have ascertained the present cash value of the dower right in the royalties and adjudged it to her in cash, or caused the accruing amounts to be invested and the income paid to her during life, as directed in the opinion of this court on the former appeal.

The judgment is reversed for proceedings in accordance with this and the former opinion of the court.