## Bartlett's Adm'r et al. v. Buckner's Adm'r et al.

(Decided Nov. 1, 1932.)

JOHN T. RONE, E. S. HOWARD, and AUD & HIGDON for appellants.

KIRK & BARTLETT and E. B. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment sustaining a special demurrer to the petition as amended for defect of parties, and dismissing the petition.

The facts on which a recovery is sought are these: W. W. Bartlett, the owner of a tract of land in Ohio county, died intestate and a resident of that county in the year 1890, survived by his widow, now deceased, and the following children: Pollie Ford, W. S. Bartlett, J. S. Bartlett, B. F. Bartlett, G. L. Bartlett, H. C. Bartlett, D. B. Bartlett, and J. W. Bartlett, each of whom inherited a one-eighth undivided interest in the land.

In the month of May, 1915, W. S. Bartlett, one of the sons of W. W. Bartlett, who also resided in Ohio county, died intestate, survived by his widow, Belle Bartlett, and 16 children. As his widow, Belle Bartlett was and is entitled to a dower interest in the one-eighth undivided interest in the land descending to W. S. Bartlett. After the death of W. S. Bartlett, his children leased to the defendants their undivided remainder interest in the land for oil and gas purposes, but plaintiff Belle Bartlett did not join in the lease.

Substantially the same allegations were made on behalf of plaintiff Mollie Bartlett, whose husband, H. C. Bartlett, one of the children of W. W. Bartlett, died a citizen and resident of Daviess county, survived by his widow and eight children, and also on behalf of the other plaintiff, Kate Bartlett, widow of J. W. Bartlett, another son of W. W. Bartlett, who died survived by his widow and 10 living children and many grandchildren.

Defendants had extracted large quantities of oil from the land without the consent of plaintiffs, and had paid to the remaindermen royalties in a sum in excess of $150,000. All the remaindermen are insolvent, and each of the plaintiffs is entitled to a dowable interest in the royalties.

In support of the ruling below, it is argued that this is essentially an action for the allotment or assignment of dower in real estate, and all the joint owners and remaindermen are necessary and indispensable parties, and, furthermore, that whatever royalties are recovered by the widows will in the long run have to be borne by the remaindermen. That a widow has a dowable interest in royalties accruing from oil or other minerals

taken from the land of her husband, the extent of which depends on circumstances not necessary now to be considered, is no longer an open question. Daniels v. Charles, 172 Ky. 238, 189 S. W. 192; Lemaster v. Hudson, 214 Ky. 467, 283 S. W. 439; Williamson v. Williamson, 223 Ky. 589, 4 S. W. (2d) 392. Not only so, but in Crain v. West, 191 Ky. 1, 229 S. W. 51, 53, we upheld the right of the widow to share in the royalties from oil produced upon her husband's land until dower was assigned. That the question was directly before the court is shown by the following language occurring in the opinion:

> "The extent of the property in an oil well which may be assigned for dower is not a subject for consideration upon this appeal, as dower has not been assigned in this action, and the question for decision is the authority of the court to adjudge to the widow one-third of the royalties to be paid by the lessee for the production of oil from the death of the husband until dower shall have been assigned."

It therefore follows that an action by the widow to recover royalties is not an action for the assignment of dower, but clearly an action which she may maintain even though no dower may have been assigned.

But the further point is made that the remaindermen were necessary parties because they are directly interested in the right of the widows to receive any portion of the royalties, and that ultimately any payment to the widows will have to come out of the shares of the remaindermen. The widows say that the remaindermen are insolvent, and they are not seeking any recovery against them. For aught that appears, the remaindermen may not desire to contest the rights of the widows in the royalties. The liability of the defendants to the widows is the question ultimately to be determined. If the widows are entitled to recover at all, the payment of all the royalties to the remaindermen would not acquit defendants of their liability to the widows. As between the widows and the defendants, the extent of the liability, if any, may be determined without making the remaindermen parties to the action. Though it be true that whatever has to be paid to the widows will come out of the share of the remaindermen, that is a matter that concerns only the defendants and

not the widows. Hence the widows may sue for their share of the royalties without making the remainder-men parties, and the duty of making them parties devolves upon the defendants in case they desire to have all questions, including their right of recovery over against the remaindermen, adjudicated in one action.

It follows from what has been said that the special demurrer to the petition as amended should have been overruled, and that the petition should not have been dismissed.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.