## Bartlett et al. v. Buckner's Adm'r et al.

(Decided Oct. 27, 1936.)

748

JAMES R. HIGDON, W. E. AUD, and AUD & HIGDON, JOHN T. RONE and E. S. HOWARD for appellants.

KIRK & BARTLETT, E. B. ANDERSON and SANDIDGE & SANDIDGE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing in part and affirming in part.

This is the second appeal herein. Bartlett's Adm'r et al. v. Buckner's Adm'r et al., 245 Ky. 645, 54 S. W. (2d) 25, 26. The facts herein up to the reversal and remand of the cause are set out in our opinion. On a return of the case to the circuit court the petition as amended was traversed.

It was further pleaded that Kate Bartlett, the widow of J. W. Bartlett, and Bell Bartlett, the widow of W. S. Bartlett, had executed an oil and gas lease under which the oil was being extracted from the land involved. The allegation that Kate Bartlett had executed a lease was traversed and not sustained by the evidence. The allegation that Bell Bartlett had executed a lease was established by the evidence.

It was pleaded that H. C. Bartlett, the husband of Mollie Bartlett, by writing signed and delivered by him without her joining in it, had "transferred all his interest" in the land to W. S. Bartlett, and that J. W. Bartlett, the husband of Kate Bartlett, by writing, executed and delivered by him without her joining therein, "transferred his interest in the land to W. S. Bartlett."

It is conceded that W. S. Bartlett, H. C. Bartlett, and J. W. Bartlett each inherited from their father one-eighth interest in the land. As to Kate Bartlett, it is pleaded that, with knowledge on her part, the children and heirs of her husband had executed and delivered an oil and gas lease on the land to the lessees, and thereafter they had received under the lease the one-eighth royalty provided for in the lease, and "that during her life time actually enjoyed the money that was paid to her children, in that she lived with them and they provided for her out of this money, all of which she knew, and that she was thereby estopped to assert any interest in the oil and gas or the royalties therefrom, and that of course

her alleged administrator is also estopped from so doing.''

It is pleaded that Bell Bartlett at the time of her death was a citizen and resident of Daviess county, Ky., and not of Ohio county, and that her administrator was appointed by the county court of Ohio county, and it had no jurisdiction to appoint an administrator of her estate, and that his appointment ''is absolutely void.'' The same allegation is made as to Kate Bartlett and her administrator. It is argued that the evidence sustains the allegations respecting the appointment of the administrator of Bell Bartlett's and Kate Bartlett's estate. As to Bell Bartlett it was further pleaded that her husband, W. S. Bartlett, had lived on the land with his family for a number of years before his death and it was his home, and Bell Bartlett, his widow, ''continued to live there and occupy it as her home and homestead from his death in 1915 until 1927, the date of the execution of the lease, and that W. S. Bartlett's interest in the land during all of that time was really worth less than $1,000.00''; and ''that Bell Bartlett never at any time sought the assignment or allotment of dower to her in the land and none was ever made; but that she occupied the premises as her homestead and elected to take a homestead in the property instead of dower''; and that therefore ''she had no dower interest in the land at the time of her death, but only up to that time a homestead interest, and, therefore, never had any interest in the oil produced from the land or the royalties therefrom.''

The court decreed that Crowe as administrator of Bell Bartlett and also of Kate Bartlett, was not entitled to recover and dismissed the action as to their estates and administrators. It ruled that Mollie Bartlett was entitled to her dower interest of one-eighth of one-eighth of the oil and gas produced, and ''fixed the sum realized and apportioned to that interest at $6,294.68; and that the plaintiff, Mollie Bartlett, was entitled to a life income from the investment of one-third of that sum; and that in view of her age and under the applicable Table of Mortality the cash value of her life interest was $694.93 which was adjudged to her.'' It is stated in briefs that this sum had been paid to her; at least no cross-appeal has been prosecuted from that part of the judgment.

She is appealing, insisting that the court erred in not adjudging to her outright the one-third value of the one-eighth interest in which she was adjudged dower.

From this summary of the case it is patent that this appeal presents different questions as to the rights of Mollie, Kate, and Bell Bartlett.

It is argued in briefs that, if Bell Bartlett is not precluded by other considerations from a recovery herein, section 2138, Kentucky Statutes, might be construed as applicable to her right to recover, but as to Mollie and Kate Bartlett's administrator, if they are entitled to any recovery at all, it is controlled by section 2139, Kentucky Statutes.

The written instruments executed and delivered by H. C. and J. W. Bartlett, respectively, to W. S. Bartlett, though not signed by the wife of either of them, are valid and effectively conveyed their one-eighth interest each in the land to W. S. Bartlett, though ineffective as to the wife of each of them.

The fact that H. C. and J. W. Bartlett by writing, respectively, executed and delivered by them to W. S. Bartlett, did not affect the dower interests of their wives in the land, and, as we stated in our former opinion, they have ''a dowable interest in royalties accruing from oil or other minerals taken from the land of her husband, the extent of which depends on circumstances. * * * Daniels v. Charles, 172 Ky. 238, 189 S. W. 192; Lemaster v. Hudson, 214 Ky. 467, 283 S. W. 439; Williamson v. Williamson, 223 Ky. 589, 4 S. W. (2d) 392. Not only so, but in Crain v. West, 191 Ky. 1, 229 S. W. 51, 53, we upheld the right of the widow to share in the royalties from oil produced upon her husband's land until dower was assigned.''

It follows, therefore, that Bell Bartlett and Kate Bartlett are entitled to share in the royalties from the oil produced from the land involved under the lease executed and delivered by the heirs of their husbands, unless some defense set up in the answers herein precludes their recovery.

Under the rule stated in Campbell v. Whisman, 183 Ky. 256, 209 S. W. 27, Carver v. Elmore, 147 Ky. 521, 144 S. W. 1062, and Anderson v. Sanders, 193 Ky. 364, 236 S. W. 561, we are constrained to the view on the

proven facts that Bell Bartlett, the widow of W. S. Bartlett, elected to take a homestead in her husband's three-eighths interest in the land and that the right of her estate's recovery herein from the date of the oil lease to that of her death is controlled by Brandenburg v. Petroleum Exploration, 218 Ky. 557, 291 S. W. 757. As to Mollie Bartlett and Kate Bartlett, the measure of their recovery is as stated in the cases cited in our first opinion. Under it they are entitled to recover their respective portion of one-eighth of one-eighth of the royalty provided for in the lease, from the date thereof until their respective deaths. The court as to Mollie Bartlett adopted the correct measure of her recovery.

The facts adduced to sustain the plea of estoppel as to Bell Bartlett are inadequate to establish an estoppel as to her estate. The rule that, where two or more persons are joint creditors, payment may ordinarily be made to any of them (Morrow's Heirs v. Starke's Adm'r, 4 J. J. Marsh. 367), and that a payment to the person with whom or in whose name was made the contract under which the obligation arises, although it is for the benefit of another, is ordinarily sufficient (Rowland v. Doolin's Adm'r, 10 Ky. Law Rep. 684), is inapplicable as to the estate of Bell Bartlett; and the principles applied in Massie et al. v. Paul, 263 Ky. 183, 92 S. W. (2d) 11, are likewise inapplicable.

Section 2139, Kentucky Statutes, when read in connection with section 2138, simply means that, where a recovery is of dower of an heir, devisee, or purchaser of land conveyed by the husband without the wife joining with him, the wife shall be endowed according to the value of the estate when received by the heir, or devisee, or purchaser, so as not to include in the estimated value any permanent improvements he has made on the land against the heir, or devisee, or purchaser. This section does not undertake to, and does not, deprive the widow of her dowable share in the estate of her husband as it is fixed by section 2138. Hogg v. Hensley, 100 Ky. 719, 39 S. W. 247, 19 Ky. Law Rep. 44; Pepper v. Thomas, 85 Ky. 539, 4 S. W. 297, 9 Ky. Law Rep. 122. Oil wells are not an improvement within the purview of section 2139.

As to the jurisdiction of the Ohio county court to appoint an administrator of the estate of Bell Bartlett,

the evidence discloses that she was at one time under a judgment of a court of the county of her residence confined in an asylum, and it is asserted that "after that she never lived in Ohio County again, although she lived until December 1930." It is not shown that she was ever restored by a verdict of the jury after she was committed to the asylum. It is a reasonable presumption that, having been committed to an asylum, unless she was thereafter restored by a verdict of the jury, she was incapable of forming the intention of changing her residence to some county other than Ohio, and that her residence continued in Ohio county from the time of her conviction of lunacy until her death. As to Kate Bartlett's residence at the time of her death, it is conceded she died in Ohio county, and, if she is entitled to a portion of the royalty under the lease involved, her right thereto accrued in Ohio county; but it is argued that "it does not appear that she ever had a residence there at any time. It does appear, that she and her husband lived in Daviess County at the time of his death, and that afterwards she lived around with her children, but there is nothing to show that she ever acquired any other residence than in Daviess County."

The language of section 3894, Kentucky Statutes, is: "When any person shall die intestate, that court shall have jurisdiction to grant administration on his estate that would have had jurisdiction to probate his will, had he made one."

Section 4849 confers jurisdiction on "the county court of the [county of the] testator's residence" to probate his will, "if he had no known place of residence in this Commonwealth, and land is devised, then in the county where the land, or part thereof, lies; if no land is devised, then in the county where he died, or that wherein his estate, or part thereof, shall be, or where there may be any debt or demand owing to him." Central Trust Co. v. Bennett, 208 Ky. 281, 270 S. W. 821; Robinson v. Paxton, 210 Ky. 575, 276 S. W. 500; Burr's Adm'r v. Hatter, 240 Ky. 721, 43 S. W. (2d) 26.

In the last case, the principles are stated that the word "residence" in section 4849 means legal residence or domicile which is based upon fact and intention; and, in determining the place of a decedent's "residence," each case must be disposed of on its own particular facts. Intention is a dominant factor in determining

"legal residence." "Legal residence" is prima facie in the county where a decedent made his abode and died.

No definite period of time is necessary to create a domicile unless a statute so provides. The habitation may not be continuous or uninterrupted, for temporary absence does not affect the domicile. One day is sufficient provided the animo manendi is established, and in one case where the point of destination was not reached, it was held that domicile may be in itinere. Winans v. Winans, 205 Mass. 388, 91 N. E. 394, 28 L. R. A. (N. S.) 992.

It is true that we have held that, where the administrator was not appointed in the county of the deceased's residence and death, the defendant could properly raise the question of the plaintiff's capacity to maintain the action. Walter's Adm'r v. Kentucky T. & T. Co., 206 Ky. 100, 266 S. W. 887.

The county court of Ohio county had exclusive, general jurisdiction to appoint an administrator of the estate of Bell and Kate Bartlett. The presumption is in favor of its jurisdiction. It is true that its jurisdiction after it is exercised may be collaterally attacked, but the burden is upon the party assailing its jurisdiction. Hyatt v. James' Adm'r, 8 Bush, 9; Master's Ex'r v. Bienker, 87 Ky. 1, 7 S. W. 158, 9 Ky. Law Rep. 841; Hall's Adm'r v. L. & N. R. Co., 102 Ky. 480, 43 S. W. 698, 19 Ky. Law Rep. 1529, 80 Am. St. Rep. 358; Jacobs' Adm'r v. L. & N. R. Co., 10 Bush, 263.

The tetsimony in behalf of the appellees is insufficient to establish that the county court of Ohio county was without jurisdiction to appoint the administrator of the estates of Kate and Bell Bartlett. The evidence shows that a bonus was paid to the heirs of their husbands at the time the lease was executed. They have no dower right in this bonus. Such right is confined to the royalty derived under the lease. The bonus was not a part of the estate of their husbands. The execution of the lease merely furnished an occasion or an opportunity for the heirs to contract therefor, which was not an incident to the land on which the lease was executed.

It is insisted that, if Bell Bartlett's estate is permitted to recover any portion of the royalty, her heirs will be entitled thereto, and they, under the covenant of general warranty contained in the lease, are liable to the lessee therefor; therefore her estate should not recover

herein, as it would be the equivalent of allowing her heirs to do so.

It is argued by her administrator that her debts must be first paid out of whatever portion of the royalty her estate may be permitted to recover, and for this reason a recovery in favor of her estate, in this action, is permissible, though her heirs may be liable for the difference betwee nher debts and the cost of administration of her estate and the sum which she may recover therein. These questions may be determined hereafter by an agreement of the parties, or on appropriate pleadings and evidence supporting same in the trial court, if the parties desire to present them in this case.

Wherefore the judgment is reversed as to the administrator of the estate of Bell and Kate Bartlett and affirmed as to Mollie Bartlett and remanded for proceedings consistent herewith.

The whole court sitting.