Francis M. LOGAN, Jr., an Unmarried Man, et al., Appellant,

v.

James Charles LOGAN et al., Appellee.

Court of Appeals of Kentucky.

Dec. 7, 1956.

Harry M. Caudill, Whitesburg, for appellants.

Harry Labor Moore, Whitesburg, for appellees.

MOREMEN, Judge.

Francis M. Logan died intestate, the owner of a tract of land. He was survived by his widow, an adult son, and three infant children—the youngest being 16 years of age. Each child inherited an undivided one-quarter interest in the land, subject to dower right of the mother.

Certain coal mining operators offered to lease the coal underlying the land and offered to pay the family a royalty of 25¢ per ton for the privilege.

The mother qualified as guardian of the infant children and, with the adult son, filed this suit against the infants under KRS 387.150. This section empowers a guardian to lease real property or any interest therein belonging to a minor, when approved by a circuit judge. KRS 387.160 outlines procedure for obtaining approval by the court.

All technical requirements of the statutes were met and the court approved the terms of the mining lease.

The widow, Elizabeth C. Logan, and the adult son, Francis M. Logan, Jr., have appealed. They are satisfied with all the judgment except this part:

> "The said Elizabeth C. Logan is further ordered and directed to receive the royalties derived from this lease and to invest them in government bonds, for the use and benefit of the infant defendants herein as soon as practicable, or reasonably possible for her to do so, after they are received by her, until further orders of this court."

And:

> "The said Elizabeth C. Logan, as guardian of said infants herein, is hereby authorized, if she sees fit, to use the income on one-third of the royalties received by her as her dower interest therein."

Appellant points out that under the judgment the royalties derived from the lease were treated as corpus of the estate, rather than being rents and profits, thus limiting the widow to the income or interest on one-third of the royalties received.

■ This court has long adhered to the rule that (a) where mines are opened during the lifetime of the owner or his lessee, or after his death under a power conferred by his will, the royalties are treated as rents or profits; but (b) where the mines are opened by descendants after the death of the intestate owner and under no authority granted by him, the royalties are treated as a corpus of the estate with the result that the widow is entitled only to interest on one-third of the accruing royalties, instead of one-third of the return on the mining lease which she would be entitled to receive for life if the royalties were treated as rents or profits. Collins v. Lemaster's Adm'r, 232 Ky. 188, 22 S.W.2d 567; Warfield Natural Gas Co. v. Marcum, 301 Ky. 813, 193 S.W.2d 461; Mills v. Mills, 275 Ky. 431, 121 S.W.2d 962, 965. The reason for the rule in Mills v. Mills was defined as follows:

> "Under our decisions a lease of minerals underlying the land surface, is treated as a sale of a portion of the real estate, and differs from a lease for use of the surface. Under a mineral lease there is a disposition and diminution of the corpus, quite frequently the minerals being the substantial value of the estate, and a life tenant has no right or authority to dispose of or diminish the body of the estate, and in so doing deprive the remaindermen of what may develop to be a valuable interest, except under circumstances which do not exist here."

■ Appellant argues that the application of the rule announced in the foregoing cases does not achieve simple justice and suggests that the cases be overruled, particularly in view of the fact that Chapter 19 of the Acts of the General Assembly of 1956, Sec. 387.170, which became effective after this case was submitted, reads in part:

"(1) All amounts accruing under a lease permitted by KRS 387.150 shall be treated as income of the estate of the ward, and shall be held and accounted for as such by the guardian.

"(2) Where dower or curtesy is outstanding in the mineral rights, but has not been assigned, one-third of the income accruing under the lease shall be adjudged to the surviving spouse as his or her curtesy or dower, as provided by KRS 392.050. The remaining income shall be received by the guardian and held by him or disbursed for the ward's proper maintenance and education, pursuant to KRS 387.060."

We have no disposition to depart from the general rule that a life tenant shall not be permitted to consume the corpus of an estate, because we believe the rule is based upon sound logic. We do not have before us—and neither did the circuit court—the interpretation of the effect that Chapter 19 of the 1956 Acts may have upon estates and upon royalties under leases which were executed before the Acts became effective. This question, even in the case at bar if future litigation develops, is expressly reserved. On the record, we have no alternative other than to affirm the judgment.

■ Appellant next interprets that part of the judgment which provides that Elizabeth C. Logan is to receive the royalties derived from the lease and to invest them in government bonds "for the use and benefit of the infant defendants" to mean that the adult son, Francis M. Logan, Jr., has been deprived of interest in the proceeds of the lease. We cannot give to the judgment such a strained construction. By the prayer of the complaint, the circuit court was asked only to approve the terms and conditions of the lease and to adjudge what portion of the royalties belonged to Elizabeth C. Logan as her dower right. Those two questions are the only ones the court undertook to decide. We find nothing in the judgment which deprives the adult son of his one-quarter remainder right.

The adult son and widow have the right to agree between themselves as to the division of the one-quarter of the royalties to which Francis M. Logan, Jr., is entitled as one of the remaindermen subject to the dower interest of his mother. If any disagreement ensues, it may be a proper subject of future litigation.

We have found no error in the judgment and it is, therefore, affirmed.